FILED

2005 Apr-21  AM 10:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA JASPER DIVISION

| | |
|---|---|
| **ANNE LAURA (ANNE) THOMPSON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: CV-01-HS-1223-J** |
| | ) |
| **LOONEY'S TAVERN PRODUCTIONS,** | ) |
| **INC., et. al.** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION ON APRIL 19, 2005 HEARING

### I.   INTRODUCTION

This case came before the Court for hearing on April 19, 2005, on the following motions:

> Doc. 556 – Motion to Set Aside Submission of 2003 Summary Judgment Motion and to Stay McAlister's Summary Judgment Submissions;

> Doc. 569 – Motion for a Fraud and Spoliation of Evidence Hearing on an Expedited Basis.

> Doc. 572 – Motion for Extension of Time.

> Doc. 582 – Motion to Attach to April 7, 2005, Brief Exhibits Inadvertently Omitted.

> Doc. 566 – Plaintiff's Motion to Compel.

The Court enters this Memorandum of Opinion after hearing oral argument on

these motions and after considering all filings in support of same.

## II.    ANALYSIS

### A.    Plaintiff's Motion to Compel (doc. 566).

The Court's case management order of January 7, 2005 clearly set the cutoff of discovery as March 7, 2005. By Order of February 28, 2005, this Court made clear to all parties that "[a]ny discovery motion that needs to be filed should be filed in accordance with this Court's previous orders and before the expiration of the discovery period." Plaintiff's Motion to Compel McAlister and JennyMac was filed well after the end of discovery and is therefore untimely.

Even if the motion were timely filed, as to the documents requested these Defendants have repeatedly represented to the Plaintiff and the Court that they have responded in full to the Plaintiff's discovery requests and that they have no more to give. The Plaintiff produces no evidence to the contrary except to say the Defendants have failed to produce "documents which on information and belief it is Plaintiff's understanding that they have in their possession and control." *Motion to Compel*, at 3. The Court cannot force a party to produce items in response to discovery which they do not have. Accordingly, the Motion to Compel will be **DENIED**.

### B.    Motion for a Fraud and Spoliation of Evidence Hearing on an Expedited Basis (doc. 569).

The Plaintiff, at oral argument, agreed that the April 19, 2005, hearing was the relief she was seeking with this motion. Accordingly, this motion will be **GRANTED**. The Court notes that the hearing has already taken place, and no further relief is due the Plaintiff.

### C.    Motion for Extension of Time (doc. 572).

At oral argument, the Plaintiff conceded that this motion was now moot. Accordingly, the motion will be **DENIED, as MOOT**.

### D.    Motion to Attach to April 7, 2005, Brief Exhibits Inadvertently Omitted (doc. 582).

On Monday, April 18, 2005, the Plaintiff identified, by Notice filed with the Court, the exhibits she wished to attach. At oral argument on April 19, 2005, the Defendants agreed that they had copies of all documents she referenced. The Defendants had no objection to the exhibits identified being attached to the April 7, 2005, brief. The Defendants did, however, make a general objection, based on relevancy, to the admissibility of any and all of the documents. The Court will **GRANT** the Motion to Attach, and has considered the relevancy of each document in its ruling on the Motion to Set Aside (doc. 556).

### E.    Motion to Set Aside Submission of 2003 Summary Judgment Motion and to Stay McAlister's Summary Judgment Submissions (doc. 556).

The Plaintiff brings her motion pursuant to Fed. R. Civ. P. 56(f). *Motion to Set*

3

*Aside Submission of 2003 Summary Judgment Motion and to Stay McAlister's Summary Judgment Submissions (hereinafter "Plaintiff's Motion"),* at 5; *Memorandum in Support of Motion to Set Aside Submission of 2003 Summary Judgment Motion and to Stay McAlister's Summary Judgment Submissions (hereinafter "Plaintiff's Brief"),* at 25. In particular, the Plaintiff states:

> Movant discovered new and material documentary and oral evidence at the March 3, 2005 deposition of Lanny McAlister, which evidence through no fault of plaintiff was unavailable prior to 2003 [sic] summary judgment submissions. She needs more evidence pursuant to Rule 56(f) in order to prove material issues of fact.

*Id.*

Fed. R. Civ. P. 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). Professors Wright and Miller have written:

> Rule 56(f) protects a party opposing a summary judgment motion who for valid reasons cannot by affidavit--or presumably by any other means authorized under Rule 56(e)--present "facts essential to justify the adverse party's opposition" to the motion. Under the rule a party who seeks the protection of subdivision (f) must state by affidavit the reasons why he is unable to present the necessary opposing material and the court then may (1) refuse to grant summary judgment, (2) order a continuance to permit affidavits to be taken or discovery to be had, or

(3) "make such other order as is just."

Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d*, § 2740 (footnotes omitted).  "The purpose of subdivision (f) is to provide an additional safeguard against an improvident or premature grant of summary judgment and the rule generally has been applied to achieve that objective." *Id.*  "The rule will not be liberally applied to aid parties who have been lazy or dilatory, however." *Id.*  "[A] request for relief under Rule 56(f) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery." *Id.* at § 2741 (and cases cited therein).

The Eleventh Circuit has held that: "[w]e review the court's management of discovery in this context for abuse of discretion, however, and a party must be able to show substantial harm to its case from the denial of its requests for additional discovery." *Leigh v. Warner Brothers, Inc.,* 212 F.3d 1210, 1218 (11th Cir. 2000) (citing *Carmical*, 117 F.3d at 493).

In this case the Court held a two hour hearing[1] in which it allowed the Plaintiff to discuss *all* reasons under Rule 56(f) that either the current motions for summary judgment or previous motions for summary judgment should be struck and discovery

---

[1]Plaintiff chose to use much of this time arguing her opposition to summary judgment, although the court advised her that those motions were not being argued at that hearing.

reopened.  The Court heard, and has considered, numerous arguments by the Plaintiff that were not included in the two (2) briefs she filed on this matter.  The Court is not convinced that any of the Plaintiff's arguments rise to the level of a Rule 56(f) continuance or stay for any pending motion for summary judgment, or for reopening discovery at this late date.

The supposed new evidence of Mr. McAlister is not new at all.  Mr. McAlister has always been available for discovery, has been deposed twice, and was questioned in both depositions about the very things the Plaintiff now claims is new evidence. The Plaintiff has shown no reason why the new witnesses she cites could not have been found earlier.  She admits that the documents she found in her father's home have been in her possession since 1997.  Her failure to "find" documents in her possession is not a basis to reopen discovery.  Indeed, the Plaintiff has failed to demonstrate how any of the evidence she cites in her brief, or in oral argument, is *new*.  Even if all the evidence cited by the Plaintiff in her brief and at oral argument were new, the Plaintiff has failed to make any showing that this evidence in any way furthers, or is even relevant, to her case.  Thus she also fails the "substantial harm" test outlined in *Leigh*.

Similarly, the Plaintiff's argument that she knows more copyright law now than she did when she filed her previous oppositions does not warrant reopening those

motions.

As to the Plaintiff's claims that the Defendants spoliated evidence, there is simply no evidence to that effect.  The Plaintiff's claim is not one of destruction, but one of suppression.  While the Court understands that a case for spoliation can be made for suppression, Plaintiff has presented no evidence that Defendants have withheld any requested documents or things.  Clearly the Plaintiff *believes* items have been withheld, but her unsupported belief does not warrant a finding of spoliation.  The Eleventh Circuit applies a "bad faith" standard to determine whether an adverse inference can be drawn from the supposed spoliated evidence.  *See, Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997).  The Defendants have emphatically stated to this Court that the Plaintiff received all items in the possession of the Defendants that the Plaintiff requested.

While the Plaintiff may not believe she has had fair opportunity for discovery[2] in this matter, the record demonstrates that the scheduling orders for the previous Motions for Summary Judgment provided more than adequate time for discovery.  In addition, on January 7, 2005, the Court, to avoid any possibility that adequate time

---

[2]Indeed, she stated that six months was not sufficient.  In particular, she stated that she could not depose two out of state Defendants (Goch and Cohen) because she is afraid of flying , and she was told by a court employee that she would need a court order to take the two depositions by telephone (an order she apparently never sought).  She chose not to depose Defendants Posey and Looney's Tavern because she "didn't have their tax returns."

for discovery had not been provided, *sua sponte* re-opened discovery so that Plaintiff and Defendants McAlister and JennyMac would have a fair opportunity to flesh out all remaining issues as to *those Defendants*.

The Motion to Set Aside Submission of 2003 Summary Judgment Motion and to Stay McAlister's Summary Judgment Submissions will be **DENIED**.

### F.    The Plaintiff's Oral Motion to Amend Her Complaint

At the hearing, the Plaintiff made an oral motion to Amend her Complaint to add Fraud allegations.  Plaintiff has stated no reason why she should be allowed to amend long after the cutoff established in the scheduling order.  Further, previous judges have consistently denied Plaintiff's Motion to Amend to add Fraud allegations, and such decisions, are the law of this case.  The Motion will be **DENIED**.

**DONE** and **ORDERED**, this 21st day of April, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

8