## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| ANNE LAURA (ANNE) THOMPSON | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: CV-01-VEH-1223-J |
| | ) |
| LOONEY'S TAVERN PRODUCTIONS, | ) |
| INC., et. al. | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

### I.      INTRODUCTION

This is a civil case which was initiated by the plaintiff almost 7 years ago, in May of 2001.

It was closed on August 25, 2005--two and a half years ago–via an order granting summary judgment

to the defendants.  The undersigned's order on summary judgment was affirmed by the Eleventh

Circuit Court of Appeals on November 7, 2006–over a year ago.  The United States Supreme Court

denied the plaintiff's petition for writ of certiorari in October of 2007.

Now, after 7 years, and almost 800 filings in this court, the only issue left to be determined

is whether the plaintiff should have attorneys' fees assessed against her. Defendants  Looney's

Tavern Productions, Inc. and James Posey have moved for such an award.  (Doc. 669.)

### II.      APPLICABLE LAW

Rule 54(d)(2) of the Federal Rules of Civil Procedure provides:

(2) Attorneys' Fees.

(A) Claims for attorneys' fees and related nontaxable expenses shall be made by
motion unless the substantive law governing the action provides for the recovery of
such fees as an element of damages to be proved at trial.

> (B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

Fed. R. Civ. P. 54(d)(2).

On September 7, 2005, the movants filed their petition for attorneys' fees pursuant to 17 U.S.C. § 505 which reads:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

## III.    ANALYSIS

### A.    Settlement

Prior to analyzing the attorney's fee issue, the court feels compelled to address the effect of the attempted settlement of this matter.  As an initial matter, if all pending matters in this case are settled, the attorneys' fee petition is moot.

On December 13, 2007, the court held a hearing on the attorneys' fee motion.  Shortly after the hearing, the court engaged in settlement discussions with the plaintiff and counsel for the defendants in ths instant case.  As noted in the court's minute entry regarding the hearing, a settlement was reached.  However, as also noted, the settlement was subject to preparation of a final settlement document and review of said final settlement document by the court and by the plaintiff after she had an opportunity for consultation with an attorney.  The settlement was also contingent on acceptance of the settlement agreement by parties not represented by counsel present at the

hearing but from whom the plaintiff required, as a condition of settlement, a release. The court also noted that, if requested by the parties, the court would hold an additional conference regarding the settlement with any parties and their counsel. The court deferred ruling on the attorneys' fee petition pending finalization of the settlement agreement.

On January 11, 2008, counsel for Looney's and James Posey notified the court as follows:

Following entry of the foregoing, the undersigned and his law partner, J. Clark Pendergrass, have sought to obtain agreement from the parties not represented at the hearing, but have been unable to obtain agreement from such parties to the proposed settlement.

(Doc. 781.)

In response to the defendants' filing, the plaintiff insists that counsel "backed out of the settlement, which they agreed to," and that this has put her at a disadvantage since they waited "almost a month of running out her time to appeal." (Doc. 783.)  The remainder of document 783 reiterates arguments already made in opposition to the attorneys' fee motion and is therefor **STRUCK** as in violation of this court's previous orders regarding filings.

The plaintiff also filed an affidavit.  (Doc. 784.)  The following paragraphs of that affidavit are **STRUCK** as either hearsay, not based on the plaintiff's personal knowledge, or irrelevant: paragraphs 2, 3, 4, 5, 12, and 13.  The following line from paragraph 9 is **STRUCK** as irrelevant: "They had everything to gain and nothing to lose since they had not timely filed a request for attorneys fees pursuant to the Fed. R. Civ. Pro [sic] or the local rules."  In this affidavit the plaintiff argues that defendants Looney's and Posey actually were the parties who backed out of the settlement and that the agreement had never been presented to the unrepresented third parties.

The Notice of Plaintiff's Severe Anemia (doc. 784) filed by the plaintiff on January 28, 2008,

3

is hereby **STRUCK** as filed in violation of the court's previous orders regarding filings.

On January 28, 2008, the plaintiff filed a document entitled "Notice of Discrepancies Between Language and Facts." (Doc. 786.) In this document she makes the same arguments that she made in document 784.

No party has requested that a settlement agreement be enforced, nor has any party requested an evidentiary hearing regarding this matter. The court, however, will address whether an enforceable agreement exists.

> Without a doubt, public policy favors the settlement of claims brought before the courts. "Settlement agreements have always been a favored means of resolving disputes. When fairly arrived at and properly entered into, they are generally viewed as binding, final, and as conclusive of rights as a judgment." *Thomas v. Louisiana*, 534 F.2d 613, 615 (5th Cir. 1976) (footnotes omitted); *see also Sollek v. Laseter*, 126 Ga.App. 137, 190 S.E.2d 148 (1972). This court has recognized before that it is a "well-settled rule that the construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally."

*Florida Education Association, Inc. v. Atkinson*, 481 F.2d 662, 663 (5th Cir. 1973).[1]

Alabama Code § 34-3-21 states "[a]n attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." *See Alexander v. Burch*, 986 So. 2d 992 at 996 (Ala. 2006), where the Alabama Supreme Court required findings as to attorney's authority to settle plaintiff's claims; *Blackwell v. Adams*, 467 So. 2d 680, 684 (Ala. 1985), where Alabama Supreme Court stated "our cases have consistently held that whether an attorney has authority to bind his client by an agreement to settle the case by consent is a question of fact"; *Daniel v. Scott*, 455 So. 2d 30 (Ala. Civ.

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

App.1984) where court stated "an attorney cannot settle a client's action or claim or prejudice a client's rights without authorization from the client" (*quoting Crawford v. Tucker*, 258 Ala. 658, 663, 64 So. 2d 411, 416 (1953)).

Assuming defense counsel had the authority to settle the case, there is no evidence that defense counsel did so.  There is no signed writing saying there was a settlement.  The court's docket entry does not suffice.  Even if it did, the docket entry says that settlement was *expressly* contingent on: (1) the preparation of a writing memorializing the agreement; (2) the acceptance of said agreement by the court and the plaintiff and her attorney; and (3) the agreement and participation in the settlement by unrepresented parties.[2]  The plaintiff's representation that unrepresented parties did not have to consent is  inconsistent with that docket entry as well as her insistence that all parties (including unrepresented parties) release her.

Because there is no writing, and no agreement by the unrepresented parties, there is no settlement.

**B.      Whether an Award of Attorneys' Fees is Appropriate**

In determining whether to award attorneys' fees "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Mitek Holdings, Inc. v. Arce Engineering Co., Inc.,* 198 F.3d 840, 842 (11th Cir. 1999).  The Court's discretion may be guided by factors such as "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case)

---

[2]In this sense the court used "unrepresented parties" to mean all defendants in all cases filed by the plaintiff in the Northern District that, while they may or may not have counsel, were not represented at the attorneys' fee hearing, and from whom the plaintiff required, as a condition of settlement, release.

5

and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 535, 114 S.Ct. 1023, 1033 (U.S.Cal.,1994) (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (1986)).  However, the factors must be "faithful to the purposes of the Copyright Act and [be] applied to prevailing plaintiffs and defendants in an evenhanded manner." *Fogerty*, 510 U.S. at 535.  "Thus, in determining whether to award attorney's fees under § 505, the district court should consider not whether the losing party can afford to pay the fees but whether imposition of fees will further the goals of the Copyright Act." *Mitek*, 198 F.3d at 843.

> The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, i.e., by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure "that the boundaries of copyright law [are] demarcated as clearly as possible" in order to maximize the public exposure to valuable works.

*Id.* at 842 -843 (citing *Fogerty*, 510 U.S. at 526-27).

In this case the awarding of a fee against the plaintiff will certainly further the Copyright Act's goal of encouraging the raising of objectively reasonable claims.  Further, an award in this case will deter objectively *un*reasonable claims, by other plaintiffs and, probably more importantly, by *this* plaintiff in the future.  Importantly, this is not the first action this plaintiff has filed against these defendants for infringement of the copyrighted works.  And it is also not the last action filed by her in this district dealing with the same works, events, and parties.

In 1994, the plaintiff and her sister, as co-owners of the copyright to the copyrighted works, filed suit against Looney's alleging its plays infringed on their father's works.  *See Anne Thompson, et al. v. Looney's Taver, et al.*, CV-94-SLB-2534-J.  That action was settled by all parties in 1995.

6

The instant action involves Looney's, a party that was sued in the previous case.  It also involves substantially the same plays that were at issue in the previous case.   On June 28, 2002, this Court, in the instant action, granted the Plaintiff leave to file a "Third Supplemental and Amended Complaint." (Doc. 176.) This was the fourth complaint in a year to allege that the defendants' play violated the plaintiff's copyright.  This Complaint was brought against defendants Looney's, Posey, and others.  The Complaint alleged Copyright Infringement (Count 1) against Defendants Looney's and Posey, and others.[3]   The claim  alleged that the following works infringe the books *Tories of the Hills, So Turns the Tide,* and *Free State of Winston - A History of Winston County Alabama* (collectively referred to as the "Copyrighted Works"): (1) Scripts and performances in 1996, 1997, 1998, and 1999 of the play "Looney's Tavern: the Aftermath and the Legacy";[4] (2) Scripts and performances in 2000, 2001, and 2002 of the play, "The Incident at Looney's Tavern"; and (3) The

---

[3]The defendants seek attorney's fees pursuant to the Copyright Act.  Only Count 1 of the amended complaint alleged Copyright Infringement.  Count 2 alleged Breach of Contract of a 1995 Settlement Agreement against Defendant Looney's. Count 3 alleged Unfair Trade Practices, Unfair Competition, Deceptive Trade Practices, Misappropriation, False Designation, and Damage to Integrity against Defendants Looney's, Posey, and others (violations of RICO and the Lanham Act). Count 4 is entitled "State Law Claims–Unfair Trade Practices and Unfair Competition and Deceptive Trade Practices." Count 5 requests Declaratory Relief. Count 6 requests that the Court set aside the 1995 Settlement Agreement. Count 7 alleges Fraudulent Concealment against Defendants Looney's, Posey, and others. Count 8 alleges Looney's and another defendant failed to account for proceeds. Count 9 alleges misconduct on the part of Looney's in mediating the 1995 Settlement. Count 10 requests injunctive relief to prevent the Defendants from disbursing funds. Count 11 recites the Plaintiff's damages allegations.  However, because all counts re-allege all the averments of all preceding counts, and all counts intermingle copyright claims and rights with any other claims or rights asserted in a particular count, the court finds that all counts are associated with the Copyright Act and therefore attorneys' fees may properly be assessed as to the defense fo all counts.

[4]Although very similar to the 1996 and 1997 scripts, the 1998 play script is entitled "Looney's Tavern: The Aftermath." The 1998 and 1999 plays were promoted under the title "Looney's Tavern: The Legacy." For consistency, the 1996-1999 plays will be referred to as "Looney's Tavern: The Aftermath and The Legacy."

"Freedom Run" screenplay.

As an initial matter, all copyright claims which accrued prior to May 11, 1998, were barred by the applicable statute of limitations.  In its Order of September 9, 2002, the Court so held and dismissed all copyright claims that arose before May 11, 1998.  (Doc. 207.)  Further, the court dismissed all claims against Posey which arose prior to June 28, 1999.  (Doc. 207.)  Accordingly, at the time of the motion for summary judgment, the only claims remaining in Count 1 as to Defendant Looney's were claims based on: (1) Scripts and performances in 1998 and 1999 of the play "Looney's Tavern: the Aftermath and the Legacy"; (2) Scripts and performances in 2000, 2001, and 2002 of the play, "The Incident at Looney's Tavern"; and (3) The "Freedom Run" screenplay. As to Defendant Posey, the only claims remaining in Count 1 were: (1) Scripts and performances in 1999 of the play "Looney's Tavern: the Aftermath and the Legacy"; (2) Scripts and performances in 2000, 2001, and 2002 of the play, "The Incident at Looney's Tavern"; and (3) The "Freedom Run" screenplay.

The plaintiff should have known that a claim based on the 1998-1999 plays could not succeed because, as this court held, these claims were clearly barred by estoppel.  The plaintiff admitted that she knew that Looney's was performing the play since 1996, yet failed to file a lawsuit until 2001. Further, the plaintiff had, at all times, acted in such a way that the defendants had a right to believe that they were not infringing.  Notably, the plaintiff never informed Looney's that she thought the play was infringing–that is, until she filed suit against them.  The plaintiff's attorneys in her previous suit, who had dealt with Looney's on plaintiff's behalf in the past, contacted Looney's counsel and told them that the 1996 play script was not infringing.  The defendants performed the play for four

8

years thinking the plaintiff had approved the play as non-infringing.[5]

The claims were also barred by license. Plaintiff's sister and co-owner of all copyrights, Ms. Yarbrough, reviewed the 1996 script and agreed with her lawyers that it was non-infringing. It is also undisputed that Yarbrough's lawyers, who were also plaintiff's lawyers at one time, communicated this approval to counsel for Looney's Tavern. Ms. Yarbrough's consent and permission alone granted Looney's Tavern a non-exclusive license to perform the 1996 playscript. The plaintiff was aware of this license yet still continued to press her claim.

The 1995 Settlement and Release Agreement granted Looney's Tavern the right to use in future scripts and performances portions of the book Tories of the Hills in the 1989-1995 scripts of the play, "Incident at Looney's Tavern." The 2000 script for "Incident at Looney's Tavern," is identical in all material respects to the 1989, 1991, and 1993 scripts, with only minor and inconsequential changes. The 1993, 2001, and 2002 scripts are the same. The plaintiff was a party to the license granted to the defendants to perform these plays. At the time she filed her original complaint and her first, second, and third amended complaints, the plaintiff knew of this settlement agreement,[6] yet she continued to press her claims as to these plays.

Posey, as chairman of the board of Looney's, was entitled to the benefit of the same defenses noted above. Even if he were not, it was undisputed that from 1999-2002 Posey: (1) was not an officer or employee of Looney's; (2) did not have the ability to supervise, exercise any control over,

---

[5]Plaintiff acknowledged that since the scripts are substantially similar, the 1997 script would infringe, if at all, for the same reasons as the 1996 script. The 1998 script is very similar to the scripts for the 1996 and 1997 plays and contains the same plot, characters, locale, settings, and mood. The 1999 script was the same as used in 1997 with only two minor changes.

[6]Indeed, in other counts of her complaint, she sued for violation of its terms.

9

or manage the day-today operations of Looney's, or select the plays to be performed; and (3) has not received any financial remuneration from Looney's.

Although the plaintiff knew of defendants' alleged plans to make a movie since 1992, she waited until May of 2001 to file this lawsuit based on the "Freedom Run" screenplay. Laches thus barred her claim. In addition, even if laches did not apply, the Freedom Run screenplay did not infringe upon the copyrighted works because there was no copying or "substantial similarity," of those works to the "Freedom Run" screenplay. Further, the plaintiff has no evidence that the "Freedom Run" screenplay violated any of the exclusive copyrights under 17 U.S.C. § 106 by being publicly displayed, publicly distributed, or publicly performed, or that derivative works were created from the screenplay, or that copies of the "Freedom Run" screenplay were made. Moreover, there was never any evidence of any production plans or money being raised for the project.

Further, there is no evidence that Posey had the ability to supervise any activity related to the "Freedom Run" screenplay. It is undisputed that, in 1995, Plaintiff released all then existing claims against Looney's pursuant to the 1995 Settlement and Release Agreement and, since 1997, the only activity related to the "Freedom Run" screenplay involving Looney's or Posey was a visit in the Summer of 2000 to Looney's Entertainment Park by Gary Goch, a co-author of the screenplay, and Joseph Cohen.

There was no rational basis for any of the copyright claims alleged in this case. Not only were the alleged infringing works not substantially similar to the copyrighted works, many of the claims were barred by laches, estoppel, license and/or statutes of limitations.

After her previous action in *Anne Thompson, et al. v. Looney's Tavern, et al.*, CV-94-SLB-2534-J, was dismissed in 1995 as having been settled, the plaintiff, on the same day she filed the

10

instant suit, moved that court to reopen the 1994 case to enforce the settlement agreement.  Shortly thereafter, she also filed a multitude of motions in that matter, a practice in which she has also engaged in this case.  After the court denied her request to reopen the case, the plaintiff followed with several more motions and "requests".  The plaintiff appealed the court's denial.  The district court was affirmed by the Eleventh Circuit Court of Appeals on May 11, 2004.

Shortly thereafter, on October 21, 2004, after the plaintiff's fourth and fifth requests to amend her complaint in this action were denied, the plaintiff filed another action in the Northern District of Alabama styled *Annie Thompson v. Town of Double Springs, et al.*, CV-04-LSC-3056-J.  In that action, the plaintiff again sued Looney's and others and complained that defendants were responsible, in various capacities, for plays and movie scripts about historical events in Winston County during the Civil War which infringed the same copyrighted works at issue in this case.  The plaintiff claims the copyrighted works, *Tories of the Hills*, *Free State of Winston-A History of Winston County, Alabama*, and *So Turns the Tide* were infringed by productions in the Looney's outdoor amphitheater in Double Springs, Alabama, of the plays Incident at Looney's Tavern, from 1989-1995; Looney's Tavern: The Aftermath and the Legacy, from 1996-1999; and Incident at Looney's Tavern, in 2000 through 2003.  (Order of January 30, 2006, in *Annie Thompson v. Town of Double Springs, et al.*, CV-04-LSC-3056-J, at 2-3.)  After the undersigned granted summary judgment in the instant case, Judge Coogler granted summary judgment as to all copyright claims in CV-04-LSC-3056-J, and as to all defendants based on the doctrine of collateral estoppel.  *Id.* at 12.  The plaintiff appealed that order.

The Eleventh Circuit Court of Appeals affirmed the undersigned's summary judgment order on November 7, 2006.  (Doc. 702.)  The Supreme Court denied certiorari.  The appeal in CV-04-

11

LSC-3056-J remains pending.

In addition to duplicative suits and multiple appeals, the plaintiff has also inundated the courts and the parties with a multitude of filings.  In ruling on this motion, the court has gone back through the record, from the beginning, and examined each and every one of the plaintiff's filings, and the court's ruling on same.  The complete report of the court's findings is attached as exhibit A to this opinion.

The court found that it has been almost 7 years since the plaintiff began this suit.  Over that span, 786 court documents have been filed.  Although she was only 1 out of 11 parties to this case (10 of those being defendants), the plaintiff managed to account for at least 405 of those filings–52% percent.[7]  Her filings include 4 complaints, 206 motions, 55 "requests", 13 affidavits, 122 miscellaneous filings, and at least 5 appeals.

Of her motions, on at least 22 occasions the plaintiff requested an extension of some deadline.  At least 12 times the plaintiff moved for the judge assigned to her case at the time to recuse him or herself.[8]  On at least 8 occasions, the plaintiff moved this court to certify one of its orders for interlocutory appeal.  Despite several explanations regarding same, and complete denials of all motions, the plaintiff continued to request certification.  On at least 13 occasions, the plaintiff requested "expedited relief".  At least 12 times she asked the court to reconsider a ruling it made–however, that number does not include multiple motions the plaintiff made for the exact same relief.

---

[7]Some of the filings were, of course, made by the court in the form of "paper" - as opposed to "margin" - orders.

[8]Despite repeated denials, the plaintiff moved the undersigned to recuse herself five times.

The argument could be made that, in and of themselves, these motions are not excessive. However, all parties who have dealt with this case, and this plaintiff, know that many times the court and the parties would be inundated with multiple filings at the same time.  (See e.g. Doc. 169, 279.) Often times the plaintiff would not wait until her motions were ruled on to file another motion for exactly the same relief.  Even when her motions were denied, the plaintiff often times would seek the same relief over and over again, or she would supplement her motions continuously with new grounds for relief, or new evidence.  Or, on some occasions, the plaintiff, after having relief denied, would wait for several weeks and request the same relief.  When the new motion was denied, she would request reconsideration, and then certification for interlocutory appeal.  Of the plaintiff's 261 motions and requests, only 42 were granted in whole or in part–less than 16%. The rest were denied (often summarily), were deemed moot, or were struck.

No district judge or magistrate assigned to this case has been able to curb the plaintiff's tendencies.  On at least 18 occasions, the plaintiff was admonished, on the record, for her conduct. On several occasions, judges of this district have issued orders prohibiting the filing of motions by the plaintiff.  None of those orders deterred the plaintiff.

On January 1, 2003, Judge Bowdre issued a moratorium on the filing of motions. The plaintiff circumvented the moratorium by filing a "request" for relief on January 31, 2003.  (Doc. 282.)  The plaintiff began filing motions again on February 7, 2003–one month and six days after the moratorium was put in place, and prior to any order lifting the moratorium.  The court eventually lifted the moratorium, but noted that the plaintiff had not complied with the court's orders.  (Doc. 294.)

On January 30, 2004, Judge Proctor prohibited all parties from further filings without

13

permission of the court.  (Doc. 404.)  The permission was to be procured by the filing of a "request" with the court.  In response to this order, and prior to the undersigned being assigned the case on June 28, 2004, the plaintiff filed 27 additional documents into the court record.  This included 22 requests to file motions.

Immediately after the undersigned was assigned this case, the plaintiff ignored Judge Proctor's order and, again, began filing motions.  This was done despite the fact that none of her 22 requests had yet to be ruled upon.  Before the undersigned had entered her first order in this matter, the plaintiff had already filed 5 new motions.  Many of these were motions for permission to present motions.  Most recently, the undersigned issued an order prohibiting the plaintiff from filing *anything* until the current motion is ruled upon.  That order was issued on October 4, 2007.  (Doc. 751.)  Since that time, the plaintiff has filed at least 20 more documents.

It appears clear that the plaintiff shall never be satisfied with any order of any court of the Northern District, or of the Eleventh Circuit, regarding the operative facts at issue in this case.  Despite the lack of merit to her claims, the plaintiff seems bound to continue to sue on this issue forever, and in whatever forum she can.  Accordingly, the awarding of fees is the only means by which the plaintiff will be deterred from continuing to bring, and vexatiously over-litigating, her meritless claims.

The interests of the Copyright Act will be furthered by the awarding of fees against the plaintiff.

### C.    The Amount of the Fee to Be Awarded

"If the district court . . . finds that attorney's fees are appropriate, then the district court should apply the standards discussed in *Cable/Home Communication Corp. v. Network Productions, Inc.*,

902 F.2d 829, 853-54 & n. 37 (11th Cir.1990) in determining the reasonable fee." *Mitek Holdings,*

*Inc. v. Arce Engineering Co., Inc.*, 198 F.3d 840, 843 n. 2 (11th Cir. 1999). The *Cable/Home* case

in turn instructs a court considering the amount of an award to use the factors outlined in *Johnson*

*v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974). In *Johnson*, the following

considerations were found to be relevant to the determination of a reasonable attorneys' fee award:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the
> skill requisite to perform the legal service properly; 4) the preclusion of other
> employment by the attorney due to the acceptance of the case; 5) the customary fee;
> 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or
> the circumstances; 8) the amount involved and the results obtained; 9) the
> experience, reputation and ability of the attorneys; 10) the "undesirability" of the
> case; 11) the nature and length of the professional relationship with the client; and
> 12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19.

After having worked on this case for several years, and having drafted the summary judgment

opinion and order, the court is convinced that there is nothing novel or implicity difficult about this

case in general. *However*, the plaintiff's conduct in this case has made the case more difficult and

substantially increased the time and labor required of defense counsel. The record is replete with

examples of the plaintiff's conduct which unnecessarily dragged this case on for years. In addition,

the record reflects orders admonishing the plaintiff multiple duplicative filings. In addition to having

to read and research each of the plaintiff's submissions, counsel oftentimes was forced to respond

to sometimes scandalous allegations[9], as well as deal with multiple phone calls from the plaintiff.

Even when counsel did not respond directly to the plaintiff's filings, they at least were forced to read

---

[9]Specifically, that the defendants or their counsel had: (1) mailed a threatening letter to her
containing a white powder resembling anthrax; and (2) conspired to cause the driver of a car to
stop suddenly in front of her so that she would hit the car and thereby injure herself.

each of them and consider whether a response was required.

If the time and energy that went in to the defense of this case did not preclude defense counsel from working on other matters, it certainly did not make it easier to do so.  Further, the fee charged by defense counsel is reasonable in all respects, counsel won every aspect of the lawsuit, and counsel's reputation in the profession is good–there is no evidence to the contrary.

### D.      Opposition to the Motion

On October 12, 2007, the plaintiff filed her "affidavit" in opposition to the motion.  The affidavit also contains argument.  Most of the affidavit contains statements which are either hearsay, conclusory, lack a proper predicate, irrelevant, or could not be within the personal knowledge of the plaintiff.  The court has read the affidavit and has only considered the admissible portions thereof.

### 1.      Timeliness of the Motion and the Evidence in Support

The plaintiff's argues that the petition was not timely filed.  (Thompson Affid. 42, 47.)  The undersigned has previously dealt with that issue and found the petition to be timely filed.[10]

Further, the plaintiff states that even if the petition was timely filed, the evidence in support of that petition was not filed within 14 days of the judgment in this case.  *Id.* at 42, 47, 106.  The plaintiff also argues for the application of "local rules" and certain appendices which she alleges are attached thereto.  *Id.* at 13.  She claims that these documents require a certain form of the evidence submitted, and that they be submitted within a certain time frame.  The evidence the plaintiff cites does not exist.  The rules and statute under which the motion is brought only require that the *petition*

---

[10]In that same order, it was decided that a different motion, filed by other defendants in this case, was filed outside of the 14 day time limit.  That motion was accordingly denied.  (Doc. 711, at 4-6.)  Notably, the plaintiff makes much of what she considers to be a late filing by the defendants, but has herself missed deadlines related to the motion.  The court allowed her to file her affidavit opposing the motion out of time.  (Doc. 758.)

be filed within 14 days.  There is no requirement either in the Federal Rules of Civil Procedure, the

local rules of the Northern District of Alabama, or the fee statute, that the evidence in support of that

petition be filed within that time period, or be in a certain form.

The plaintiff argues that the court has a "uniform order" which requires evidence to be

submitted within the 14 day period, and also requires the evidence to be submitted in a certain form.

The order to which she refers was never entered in the instant case.  It is therefore inapplicable.

Even if it were applicable, the court, in its discretion, may change its requirements for attorneys' fee

petitions at any time, as it did for example by its order of September 5, 2007.[11]  (Doc. 737.)  The

defendants were only bound to follow this court's latest pronouncement of the rules governing

attorneys' fee petition, *announced in this case*.

## 2.    Sufficiency of the Evidence in Support of the Motion

In addition to claiming that the evidence did not comport with this court's requirements, the

plaintiff insists that the petition itself, and the certification attached thereto, should not be considered

as evidence.  The plaintiff insists that these documents are deficient as they are technically not

"affidavits" or sworn testimony.

A review of these documents reflects that the Petition, on page 6, is merely signed by Stephen

Hall, then one of the attorneys for the movants.  Attached to the petition, and beginning on page 7,

is a document entitled "Attorney Certification" which is signed by a Notary Public.  The certification

states that the notary is certifying that "Stephen H. Hall, whose name is signed to the foregoing, and

who is known to me, after being first duly sworn, deposed and stated the following[.]"  (Doc. 669,

---

[11]In that order the undersigned stated that "THIS ORDER SUPERCEDES ALL PRIOR ORDERS OF THIS COURT RELATING TO THE MOTION AND HEARING."  (Doc. 737, at 2.)

at 7.)  Thereafter, six paragraphs follow which purport to be relevant testimony of Mr. Hall regarding the accuracy of time records, the reasonableness of the fee charged, and the hourly rates charged. *Id.* at 7-8.  Page 9 of the petition is the certificate of service, which is signed by Stephen Hall.

No authority is cited for the plaintiff's assertion that Mr. Hall's certification is not satisfactory for the purposes of this motion.  The rule and the statute do not require a certain form of evidence to be submitted.  In any case, as an officer of the court, Mr. Hall is compelled to be truthful in all submissions which bear his signature.  The same requirement can be found in Rule 11 of the Federal Rules of Civil Procedure.  Further, Mr. Hall appeared at the hearing in this matter and testified as to the percentage of time attributable to copyright issues.  Although she was on notice that Mr. Hall would likely testify, the plaintiff chose not to cross examine Mr. Hall.  The court is of the opinion that his submissions, along with his testimony, are properly considered in reviewing the merits of the pending motion.[12]

## IV.   JUDGMENT

The plaintiff contends that she "do[es] not owe any attorney fees or costs as [her] May 11, 2001 lawsuit was not filed precipitously or with the intent to harm anyone but with motive of protecting [her] proprietary property interests and essential assets–copyrights to [her] father's books." (Thompson Affid. 16.)  The plaintiff's conduct in this case reflects otherwise.  In any case, as noted above, the plaintiff is in error as to the standard for whether to award fees.

The evidence of record contains the affidavit of Frank McRight, with attached timesheets.  Mr. McRight testified to attorney and non-attorney fees  totaling $303,227.00.  Mr. Hall testified at

---

[12]Notably, the defendants also submit the affidavit of Frank McRight, along with time sheets, showing the amount of fees, and the hourly charges.

the hearing that the actual figure was closer to $305,000.00.  The court has reviewed the time sheets submitted, and the hourly rates charged for both attorney and non-attorney time, and finds that all charges are reasonable and in line with the customary rates charged by attorneys in this district for such work.

Although counsel has not specifically broken down its hours by the amount of time spent specifically on the copyright issues, Mr. Hall testified, under oath, at the hearing that *over* 25% of the time defense counsel spent on this case was spent on the copyright issues.  Indeed, Mr. Hall called the copyright issues "the predominant factor" in all aspects of the case.  There is no evidence to the contrary.[13]

Further, the court determines that the copyright issues effected nearly every aspect of this case.  The parties' filings overwhelmingly dealt with infringement issues, and the copyright issues dominated the summary judgment opinion.   It is difficult to discuss any of the counts in the plaintiff's complaints without touching on the central issue of whether the defendants infringed on the plaintiff's copyrights.  Simply put, that issue dominated the case.

Notably, the plaintiff stated at the hearing in this matter that at least 10% of the defendants' bills are attributable to copyright issues.  The court feels that the figure is much higher than the 25% testified to by defense counsel.  However, there is no evidence as to the exact breakdown beyond the 25%.  Accordingly, the court will use the 25% figure proffered by defendants, as well as the smaller total fee calculation which appears in Mr. McRight's affidavit ($303,227.00).  Twenty-five percent

---

[13]If the plaintiff had not forced the defendants to delineate all of their time spent on the copyright issues, the defendants were content to receive a sum equal to 25% of their total fee.  Whether the defendants are still content to accept that figure is irrelevant since there is no evidence of the *actual* breakdown of the fees–other than that the copyright issues comprise over 25%.

of $303,227.00 is $75,806.75.

**DONE** and **ORDERED** this the 27th day of February, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

# Appendix A

| Complaints |
| --- |
| 05/11/2001 1 COMPLAINT filed, amount paid $ 150.00, receipt # 200 164308 (ASL) (Entered: 05/16/2001) |
| 05/21/2001 6 AMENDMENT to the complaint filed by plaintiff Annie Laura Thompson [1-1]; correcting caption to include all dfts filed (amendment not included in service of summons & complaint; rec'd after service mailed) (ASL) (Entered: 05/22/2001) |
| 08/31/2001 62 SUPPLEMENTAL and AMENDED complaint filed by plaintiff Annie Laura Thompson [1-1] filed w/exhs att including three books (in expandable folder) cs (ASL) (Entered: 08/31/2001) |
| 06/28/2002 176 3rd AMENDED complaint filed by plaintiff Annie Laura Thompson [62-1], [6-1], [1-1]; jury demand; terming party Chester McKinney; adding James Posey, Gary Goch and Joseph Cohen filed cs (per order doc #177) (KWC) Modified on 07/01/2002 (Entered: 07/01/2002) |

| Motions |
| --- |
| 07/25/2001 37 MOTION by plaintiff Annie Laura Thompson for default judgment against Looney's Tavern filed (ASL) (Entered: 07/25/2001)[14] |
| 07/25/2001 38 MOTION by plaintiff Annie Laura Thompson for default judgment against Gary Goch filed (ASL) (Entered: 07/25/2001)[15] |
| 07/25/2001 39 MOTION by plaintiff Annie Laura Thompson for default judgment against Free State Winston filed (ASL) (Entered: 07/25/2001)[16] |

---

[14]This motion was summarily denied due to the fact that this defendant had appeared and filed a motion for more definite statement.  The plaintiff was ordered to file such a statement.

[15]This motion was summarily denied due to the fact that this defendant had appeared and filed a motion for more definite statement.  The plaintiff was ordered to file such a statement.

[16]This motion was summarily denied due to the fact that this defendant had appeared and filed a motion for more definite statement.  The plaintiff was ordered to file such a statement.

| |
|---|
| 07/25/2001 40 MOTION by plaintiff Annie Laura Thompson for default judgment against Joseph Cohen filed (ASL) (Entered: 07/25/2001)[17] |
| 08/13/2001 42 MOTION by plaintiff Annie Laura Thompson to extend time 10 days to respond to dfts' motions for a more definite statement filed (no cs, no exhs att) (ASL) Modified on 08/14/2001 (Entered: 08/14/2001)[18] |
| 08/13/2001 43 MOTION by plaintiff Annie Laura Thompson to consolidate cases CV-94-B-2534-J and CV-01-J-1223-J filed no cs (ASL) (Entered: 08/14/2001)[19] |
| 08/13/2001 44 MOTION by plaintiff Annie Laura Thompson to extend time 10 days to respond to dfts' motions for a more definite statement filed cs (no exhs att) (ASL) (Entered: 08/14/2001)[20] |
| 08/13/2001 45 MOTION by plaintiff Annie Laura Thompson to consolidate cases CV-94-B-2534-J and CV-01-J-1223-J filed cs (ASL) (Entered: 08/14/2001)[21] |
| 08/17/2001 50 MOTION by plaintiff Annie Laura Thompson to consolidate cases CV-94-B-2534-J and CV-01-J-1223-J filed w/exh att (ASL) (Entered: 08/17/2001)[22] |
| 08/21/2001 51 MOTION by plaintiff Annie Laura Thompson to consolidate cases CV-94-B-2534-J and CV-01-J-1223-J filed w/memopn att no cs (ASL) (Entered: 08/21/2001)[23] |

---

[17]This motion was summarily denied due to the fact that this defendant had appeared and filed a motion for more definite statement.  The plaintiff was ordered to file such a statement.

[18]Granted by Order of August 21, 2001.  (Doc. 53.)

[19]Summarily denied on Augist 21, 2001.  (Doc. 54.)

[20]This is an exact duplicate of document 42.  Granted by Order of August 21, 2001.  (Doc. 55.)

[21]This is an exact duplicate of document 43.  This motion was summarily denied on August 21, 2001.  (Doc. 56.)

[22]This is an exact duplicate of document 43, with an attachment.  This motion was summarily denied on August 21, 2001.  (Doc. 52.)

[23]This document requests the same relief as document 43.  This motion was summarily denied on August 22, 2001.  (Doc. 58.)

| |
|---|
| 08/22/2001 57 MOTION by plaintiff Annie Laura Thompson to consolidate cases CV-94-B-2534-J and CV-01-J-1223-J filed cs (ASL) (Entered: 08/22/2001)[24] |
| 09/28/2001 74 MOTION by plaintiff Annie Laura Thompson to extend time to respond to Jenny Mac's motion to dismiss filed cs (ASL) (Entered: 09/28/2001)[25] |
| 09/28/2001 75 MOTION by plaintiff Annie Laura Thompson to extend time to respond to Lanny McAlister's motion to dismiss filed cs (ASL) (Entered: 09/28/2001)[26] |
| 09/28/2001 76 MOTION by plaintiff Annie Laura Thompson to extend time 30 days to seek counsel regarding Looney's counterclaim filed cs (ASL) (Entered: 09/28/2001)[27] |
| 10/09/2001 86 MOTION by plaintiff Annie Laura Thompson to extend time to seek counsel , and to extend time to file a response to motion to dismiss filed by dfts Looney's, Free State, Gary Goch & Joseph Cohen filed cs (ASL) Modified on 10/09/2001 (Entered: 10/09/2001)[28] |
| 10/09/2001 89 MOTION by plaintiff Annie Laura Thompson for leave to file second amended and supplemental complaint filed cs (ASL) (Entered: 10/09/2001)[29] |
| 10/09/2001 90 MOTION by plaintiff Annie Laura Thompson for hearing , and to extend time to respond to dft Looney's motion to dismiss non-payment of royalty claims filed cs (ASL) (Entered: 10/09/2001)[30] |

---

[24]This document requests the same relief as documents 43 and 45.  The motion was summarily denied on August 22, 2001.  (Doc. 59.)

[25]Filed the day after the motion to dismiss was granted.  Three days later, the plaintiff filed her response.  This motion was deemed moot by order of October 1, 2001.  (Doc. 80.)

[26]Filed the day after the motion to dismiss was granted.  Three days later, the plaintiff filed her response.  This motion was deemed moot by order of October 1, 2001.  (Doc. 81.)

[27]Granted by Order of October 1, 2001.  The plaintiff was given more than 40 days from the date of the order to respond to the counterclaim.  (Doc. 82.)

[28]Apparently Mr. Gray was retained only in defense of the counterclaim.  This motion was denied by order of October 11, 2001.  (Doc. 95.)

[29]Denied by order of October 11, 2001.  (Doc. 93.)

[30]Requests the same relief as document 86.  At the time of this document's filing, the court had not yet entered a ruling on document 86.  The plaintiff filed her response the same day as this motion.  This motion was denied by order of October 11, 2001.  (Doc. 94.)

| |
|---|
| 10/11/2001 96 MOTION by plaintiff Annie Laura Thompson for order of recusal filed cs (ASL) Modified on 10/18/2001 (Entered: 10/11/2001)[31] |
| 10/12/2001 99 MOTION by plaintiff Annie Laura Thompson for hearing filed cs (ASL) (Entered: 10/15/2001)[32] |
| 10/18/2001 101 MOTION (amended) by plaintiff Annie Laura Thompson for order of recusal filed w/afdt att cs (ASL) Modified on 10/18/2001 (Entered: 10/18/2001)[33] |
| 11/09/2001 105 MOTION by plaintiff Annie Laura Thompson for leave to file affidavit regarding dfts failure to provide significant documents requested prior to filing suit and during initial disclosure filed w/afdt of Annie Laura Thompson att cs (ASL) (Entered: 11/09/2001)[34] |
| 11/16/2001 108 MOTION by pla Annie Laura Thompson for leave to file status report on progress of parties' planning meeting w/report attchd filed cs (SRJ) (Entered: 11/20/2001)[35] |
| 11/19/2001 109 MOTION by pla Annie Laura Thompson to certify court's dispositive order of 09/27/01 dismissing Lanny McAlister & Jennymac Productions filed (SRJ) (Entered: 11/20/2001)[36] |
| 11/19/2001 110 MOTION by pla Annie L Thompson to withdraw her motion to certify dispositive order [109-1] filed cs (SRJ) (Entered: 11/21/2001) |
| 11/26/2001 111 MOTION by plaintiff Annie Laura Thompson to withdraw her previous filed motion to certify court's order of 9/27/01 [109-1] filed cs (SRJ) (Entered: 11/26/2001)[37] |

---

[31]The plaintiff alleged that Judge Johnson hastily ruled on motions and exhibited bias and prejudice towards her.  The motion was denied by order of October 12, 2001.  (Doc. 98.)

[32]Denied by order of October 16, 2001.  (Doc. 100.)

[33]Requests the same relief as document 96.  Denied by order of October 22, 2001.  (Doc. 102.)

[34]The plaintiff alleged that she was not given documents prior to her filing suit and that defendants had not complied with the inital disclosure requirements of Fed. R. Civ. P. 26. Denied summarily by order of 04/26/2002.  (Doc. 157.)

[35]By order of 12/13/2001 deemed MOOT.

[36]Withdrawn by the plaintiff.  Found Moot by order of 12/11/2001.  (Doc. 117.)

[37]This is a duplicate of document 110.  Found Moot by order of 12/11/2001.  (Doc. 118.)

| |
|---|
| 11/26/2001 112 MOTION by plaintiff for expedited hearing on pla's motion to revise court's order of 9/27/01 filed cs (SRJ) (Entered: 11/26/2001)[38] |
| 12/03/2001 113 MOTION by pla Annie Laura Thompson for expedited hearing on pla's Rule 60b1 motion to alter, amend & vacate court's order of 09/27/01 filed cs (SRJ) (Entered: 12/04/2001)[39] |
| 12/03/2001 114 MOTION by plaintiff Annie Laura Thompson to amend , and to vacate court's order of 9/27/01 dismissing claims of dfts Lanny McAlister & Jennymac Productions filed cs (SRJ) (Entered: 12/04/2001)[40] |
| 12/13/2001 122 MOTION by pla Annie Laura Thompson to alter, amend , and/ or to vacate Court's Orders re dispositive Orders of 10/2/01 and 10/10/01 [DEEM FILED 12/12/01] filed cs (SRJ) (Entered: 12/13/2001)[41] |
| 01/11/2002 125 MOTION by plaintiff Annie Laura Thompson for leave to file affidavit re dft's non-payment of royalties for 1996-2001 filed cs (SRJ) (Entered: 01/11/2002)[42] |

---

[38] On 12/13/2001 the court ordered that documents #112, #113, & #114 would be treated by the court as motions to alter, amend, or vacate the Court's 9/27/01 Order; granting pla's motion to amend court's order of 9/27/01 which dismissed defendants McAlister and JennyMac.  The motions were otherwise denied and the court ordered that these defendants would remain dismissed with prejudice.  (Doc. 120.)

[39] On 12/13/2001 the court ordered that documents #112, #113, & #114 would be treated by the court as motions to alter, amend, or vacate the Court's 9/27/01 Order; granting pla's motion to amend court's order of 9/27/01 which dismissed defendants McAlister and JennyMac.  The motions otherwise were denied and the court ordered that these defendants would remain dismissed with prejudice.  (Doc. 120.)

[40] On 12/13/2001 the court ordered that documents #112, #113, & #114 would be treated by the court as motions to alter, amend, or vacate the Court's 9/27/01 Order; granting pla's motion to amend court's order of 9/27/01 which dismissed defendants McAlister and JennyMac.  The motions were otherwise denied and the court ordered that these defendants would remain dismissed with prejudice. (Doc. 120.)

[41] Granted by order of December 21, 2001.  (Doc. 123.)  Granted again by order of 3/12/2002.  (Doc. 140.)

[42] Later the plaintiff moved to withdraw the document.  (Doc. 145.)  Deemed withdrawn by the court via order of 04/26/2002.  (Doc. 159.)

| |
|---|
| 01/11/2002 126 MOTION by plaintiff Annie Laura Thompson for order to consolidate this appeal as stated filed cs (SRJ) (Entered: 01/11/2002)[43] |
| 01/14/2002 127 MOTION by pla Annie Laura Thompson (pro se) to extend time to seek counsel filed cs (KWC) (Entered: 01/14/2002)[44] |
| 01/22/2002 129 MOTION by plaintiff Annie Laura Thompson for reconsideration of denial of pla's rule 60b1 , and to vacate judgment re dfts Lanny McAlister and Jennymac Productions w/attachments filed cs (SRJ) (Entered: 01/22/2002)[45] |
| 02/05/2002 133 MOTION by plaintiff to extend all ddls by sixty (60) days filed cs (SRJ) (Entered: 02/07/2002)[46] |
| 02/08/2002 134 MOTION by plaintiff Annie Laura Thompson to extend time by thirty (30) days filed cs (SRJ) (Entered: 02/08/2002)[47] |
| 02/11/2002 136 MOTION by plaintiff to clarify re case status following 11th Circuit Court of Appeals' remanding order filed cs (SRJ) (Entered: 02/11/2002)[48] |
| 02/20/2002 137 MOTION to withdraw attorney Romaine S Scott and Richard R Rosenthal as counsel of record for pla filed cs (SRJ) (Entered: 02/20/2002)[49] |
| 03/18/2002 145 MOTION by pla Annie Laura Thompson to withdraw document re dfts' non-payment of royalties [125-1] filed cs (KWC) (Entered: 03/19/2002)[50] |

[43]Asked the district court to consolidate the plaintiff's appeals before the court of appeals. Found moot on 3/12/2002.  (Doc. 143.)

[44]Granted by order of 1/16/2002.  (Doc. 128.)

[45]Found moot by order of 3/12/2002, as these issues were currently on appeal.  (Doc. 144.)

[46]Granted by order of February 11, 2002.  (Doc. 135.)

[47]Found moot on 3/12/2002.  (Doc. 142.)

[48]Found Moot on 3/12/2002.  (Do. 141.)

[49]Granted 3/11/2002.  (Doc. 139.)

[50]Granted by order of 04/26/2002.  (Doc. 158.)

| |
|---|
| 04/04/2002 146 MOTION by pla Annie Laura Thompson for expedited hearing on clarification of deficiences, etc of pla's complaint / amended complaint filed cs (KWC) (Entered: 04/05/2002)[51] |
| 04/08/2002 147 MOTION by pla Annie Laura Thompson to compel documents requested almost one year ago and still not produced w/att exhs filed cs (KWC) (Entered: 04/08/2002)[52] |
| 04/08/2002 148 MOTION by pla Annie Laura Thompson for an accounting w/att exhs filed cs (KWC) (Entered: 04/08/2002)[53] |
| 04/11/2002 149 MOTION by pla Annie Laura Thompson to delay reconsideration of dfts' motion to dismiss until after disc has been completed , or alternatively, to grant pla an extension of time filed cs (KWC) (Entered: 04/11/2002)[54] |
| 04/17/2002 153 Renewed MOTION by pla Annie Laura Thompson for clarification , and to extend time for 30 days filed cs (KWC) Modified on 04/18/2002 (Entered: 04/17/2002)[55] |
| 04/17/2002 154 MOTION and incorp memorandum by pla Annie Laura Thompson for leave to file reply memorandum to dfts' oppo to pla's motion to delay reconsideration filed cs (KWC) Modified on 04/17/2002 (Entered: 04/17/2002)[56] |
| 04/17/2002 155 MOTION and incorp memorandum by pla Annie Laura Thompson for leave to file reply memo to dfts' oppo to pla's motion to compel or its alternative motion for protective order filed cs (KWC) (Entered: 04/17/2002)[57] |

---

[51]Deemed moot by order of 04/26/2002.  (Doc. 161.)

[52]Requests the same relief, and concerns the same documents at issue in document 105. Denied summarily by order of 04/26/2002.  (Doc. 162.)

[53]Had to do with a settlement in her 1994 lawsuit.  Denied summarily by order of 04/26/2002.  (Doc. 163.)

[54]Discusses the same issues as are in documents 105 and 147.  Denied summarily by order of 04/26/2002.  (Doc. 164.)

[55]Requests the same relief as document 136.  Found moot by order of 04/29/2002.  (Doc. 168.)

[56]Granted by order of 04/26/2002.  (Doc. 166.)

[57]Granted by order of 04/26/2002.  (Doc. 167.)

| |
|---|
| 04/22/2002 156 MOTION by pla Annie Laura Thompson for leave to file supplemental memo opposing dfts' motion to dismiss or alternatively, memo opposing sum jgm w/att exhs (placed in exp folder) filed cs (KWC) (Entered: 04/24/2002)[58] |
| 04/29/2002 170 MOTION by pla Annie Laura Thompson to dismiss , and "for recusation" w/att exhs (containing afdvt of Annie Laura Thompson) filed cs (KWC) Modified on 04/29/2002 (Entered: 04/29/2002)[59] |
| 04/29/2002 171 MOTION by pla Annie Laura Thompson for hearing w/ oral argument filed cs (KWC) (Entered: 04/29/2002)[60] |
| 06/28/2002 176 MOTION by pla Annie Laura Thompson for leave to file 3rd supplemental and amended complaint (3rd amd comp included within motion) filed cs (KWC) (Entered: 07/01/2002)[61] |
| 08/01/2002 183 MOTION by plaintiff to extend time 30 days to respond to motion to dismiss filed (MAA) (Entered: 08/02/2002)[62] |
| 08/05/2002 184 MOTION by pla Annie Laura Thompson for contempt and for sanctions filed cs (KWC) (Entered: 08/05/2002)[63] |
| 08/16/2002 189 MOTION by pla Annie Laura Thompson to extend time to respond to dfts' motion to dismiss Jim Posey filed cs (KWC) (Entered: 08/16/2002)[64] |

---

[58]Granted by order of 04/29/2002.  (Doc. 169.)

[59]Moves to recuse Judge Bowdre on the basis of bias and prejudice.  Denied by order of 05/01/2002.  (Doc. 172.)

[60]Denied summarily by order of 05/01/2002.  (Doc. 173.)

[61]Filed despite the fact that the court had, two months prior, ordered an amended complaint to be filed.  (See Doc. 172.)  Granted on 07/01/2002.  (Doc. 177.)

[62]Found as moot by order of 08/07/2002, because the plaintiff's deadline to respond was not until 08/27/2002.

[63]The plaintiff wanted sanctions for the defendants' failure to answer the complaint within 30 days.  Denied summarily by order of 08/08/2002.  (Doc. 186.)

[64]Requests similar relief as had already been deemed moot and/or denied.  Denied by order of 08/16/2002.  (Doc. 193.)

| |
|---|
| 08/16/2002 190 Renewed MOTION by pla Annie Laura Thompson to extend time to respond to dfts' motion to dismiss filed cs (KWC) (Entered: 08/16/2002)[65] |
| 09/03/2002 198 MOTION by plaintiff for order for hearing of 9/6/02 to be held in open court and not in chambers filed (MAA) (Entered: 09/03/2002)[66] |
| 09/04/2002 199 MOTION by plaintiff Annie Laura Thompson for order for 9/6/02 hearing to be held in open court with a court reporter filed cs (MAA) (Entered: 09/04/2002)[67] |
| 09/04/2002 200 MOTION by plaintiff Annie Laura Thompson to supplement response to motion to dismiss Jim Posey with affidavit of Annie Laura Thompson attached thereto filed (MAA) (Entered: 09/04/2002)[68] |
| 09/04/2002 201 MOTION by plaintiff Annie Laura Thompson to supplement response to dft's motion to dismiss with affidavit of Annie Laura Thompson attachedfiled cs (MAA) Modified on 09/04/2002 (Entered: 09/04/2002)[69] |
| 09/25/2002 215 MOTION by plaintiff Annie Laura Thompson for order not to limit requests for production of documents and things filed cs (MAA) (Entered: 09/25/2002)[70] |
| 09/25/2002 216 MOTION by plaintiff Annie Laura Thompson to compel dfts to answer third amended complaint filed cs (MAA) (Entered: 09/25/2002)[71] |
| 09/25/2002 217 MOTION by plaintiff Annie Laura Thompson for order for "freedom run" claims to remain in case filed cs (MAA) (Entered: 09/25/2002)[72] |

---

[65]Requested the same relief as in document 183, which had already been deemed moot. Denied summarily by order of 08/16/2002.  (Doc. 192.)

[66]Granted by order of 09/04/2002.  (Doc. 204.)

[67]Requests substantially the same relief as requested in document 198.  Found moot by order of 09/05/2002.  (Doc. 205.)

[68]Denied by order of 09/09/2002.  (Doc. 207.)

[69]Denied by order of 09/09/2002.  (Doc. 207.)

[70]Denied summarily by order of 09/26/2002.  (Doc. 225.)

[71]Denied summarily by order of 09/26/2002.  (Doc. 223.)

[72]Denied summarily by order of 09/26/2002.  (Doc. 224.)

| |
|---|
| 09/25/2002 218 MOTION by plaintiff Annie Laura Thompson for scheduling conference and order filed cs (MAA) (Entered: 09/25/2002)[73] |
| 09/26/2002 220 MOTION by plaintiff Annie Laura Thompson for expedited hearing , and for order for permission to enter upon dft's land Sept 27/28 2002 filed cs (MAA) (Entered: 09/26/2002)[74] |
| 09/30/2002 226 MOTION by plaintiff Annie Laura Thompson to extend time 15 days for initial disclosures filed cs (MAA) (Entered: 10/01/2002)[75] |
| 09/30/2002 227 MOTION by plaintiff Annie Laura Thompson for hearing , and for order to enter upon dft's land 9/27 & 28 2002 filed cs (MAA) (Entered: 10/01/2002) |
| 10/02/2002 228 MOTION by plaintiff to extend time 30 days to file amended complaint, for 30 day extension of time to file motions to reconsider and 15 day extension for initial disclosures filed cs (MAA) (Entered: 10/02/2002)[76] |
| 10/08/2002 230 MOTION by plaintiff Annie Laura Thompson for reconsideration of claims dismissed at 9/6/02 hearing filed cs (MAA) (Entered: 10/08/2002)[77] |
| 10/21/2002 232 MOTION by plaintiff for leave to file fourth supplemental and amended complaint to reinstate dfts remanded for further proeedings and to add other parties and issues with exhibits attached thereto filed cs (MAA) Modified on 10/21/2002 (Entered: 10/21/2002)[78] |
| 11/04/2002 235 MOTION by plaintiff Annie Laura Thompson to amend complaint to add new infringing scripts and issues with exhibits attached (in expandable folder) filed cs (MAA) Modified on 11/04/2002 (Entered: 11/04/2002)[79] |

---

[73]Denied summarily by order of 09/26/2002.  (Doc. 222.)

[74]This motion requested permission to videotape a performance of the play at issue. Granted in part by order of 09/26/2002.  (Doc. 221.)

[75]Termed due to document 267.

[76]Found moot by order of 12/05/2002.  (Doc. 255.)

[77]The majority of the plaintiff's positions in this motion were specifically considered at the hearing.  Denied summarily by order of 12/05/2002.  (Doc. 263.)

[78]The court had, nearly two weeks earlier, already allowed the filing of the Fourth Amended Complaint.  Denied by order of 09/10/2003.  (Doc. 387.)

[79]Here, the plaintiff wishes leave to amend a "Fifth" supplemental or amended complaint. Notably, the *fourth* such complaint had not yet been filed yet, nor had any order been issued on the plaintiff's most recent request to file an amended complaint.  Denied by order of 09/10/2003.

| |
|---|
| 11/12/2002 239 MOTION by plaintiff Annie Laura Thompson for sanctions filed cs (KWC) (Entered: 11/12/2002)[80] |
| 11/22/2002 242 MOTION by plaintiff Annie Laura Thompson to extend time to respond to dfts' interrogatories and req for prod of docs filed cs (KWC) (Entered: 11/22/2002)[81] |
| 11/22/2002 243 MOTION by plaintiff Annie Laura Thompson to supplement [243-1] pla's motion for leave of court to file fourth supplemental & amended complaint with name of insurance co. of Looney's Tavern and its board filed cs (KWC) (Entered: 11/22/2002)[82] |
| 11/22/2002 244 MOTION by plaintiff Annie Laura Thompson to supplement [244-1] pla's motion to reconsider the ruling made on Sept 6, 2002 filed cs (KWC) (Entered: 11/22/2002)[83] |
| 12/11/2002 266 MOTION by plaintiff Annie Laura Thompson for enlargement of time "for pla to supplement and/or amend 4th and/or 5th supplemental and amended complaint to include new infringments and new infringers dfts just revealed" filed cs (KWC) (Entered: 12/11/2002)[84] |
| 12/19/2002 270 Supplement to MOTION by plaintiff Annie Laura Thompson for enlargement of time to amend filed cs (KWC) (Entered: 12/19/2002)[85] |

---

(Doc. 387.)

[80]The plaintiff seeks sanctions against the defendants for having "put Plaintiff through almost a year and a half of flimsy, futile motions to dismiss." Denied summarily by order of 12/05/2002. (Doc. 262.)

[81]Granted by order of 12/12/2002. (Doc. 267.)

[82]This makes the third motion to amend the complaint, or file an amended complaint, pending at the same time. This was after the court had already ordered that a Fourth Amended Complaint could be filed–yet no such complaint was so filed. This motion requested permission to file a direct action suit against an insurance company. It was denied by order of 01/02/2003. (Doc. 278.)

[83]Denied summarily by order of 12/05/2002. (Doc. 258.)

[84]Fourth and fifth complaints had still not been filed at this time. Found moot by order of 10/29/2004, as the plaintiff had filed a new complaint in the Northern District adding the so-called "new infringers". (Doc. 467.)

[85]Supplementing the original motion to enlarge the time to amend complaints (that have not yet been filed). Denied by order of 09/10/2003. (Doc. 387.)

| |
|---|
| 12/30/2002 272 MOTION by plaintiff Annie Laura Thompson to stay sumjgm motion and all proceedings pending outcome of pla's filing of a Rule 60(b) motion to vacate judgment of original court of jurisdiction due to fraud upon the court filed cs (KWC) (Entered: 12/30/2002)[86] |
| 12/30/2002 276 MOTION by plaintiff Annie Laura Thompson to continue sumjgm until some discovery has been done and essential affidavits obtained filed cs (KWC) (Entered: 12/30/2002)[87] |
| 02/07/2003 286 MOTION by plaintiff Annie Laura Thompson to extend time to obtain expert witness filed (MAA) (Entered: 02/07/2003)[88] |
| 02/28/2003 290 MOTION by plaintiff Annie Laura Thompson to lift moratorium on motions filed cs (KWC) (Entered: 02/28/2003)[89] |
| 03/05/2003 297 MOTION by plaintiff Annie Laura Thompson to extend discovery 30 days filed cs (MAA) (Entered: 03/05/2003)[90] |
| 03/06/2003 298 MOTION by plaintiff Annie Laura Thompson to shorten time for response to subpoena Duces Tecum filed cs (KWC) (Entered: 03/06/2003) |
| 03/06/2003 299 MOTION (request) by plaintiff Annie Laura Thompson to extend time for expert report filed cs (KWC) (Entered: 03/06/2003)[91] |
| 03/06/2003 300 MOTION by plaintiff Annie Laura Thompson to supplement and amend scheduling order as set out filed cs (KWC) (Entered: 03/06/2003)[92] |

[86]Denied summarily by order of 01/02/2003.  (Doc. 280.)

[87]Requests the same relief as document 272, but for a different reason.  Document 272 had yet to be ruled on.  Found moot by order of 01/02/2003.  (Doc. 279.)

[88]Granted by order of 02/10/2003.  (Doc. 287.)

[89]Found moot by order 03/04/2003.  Further, the case was referred to a magistrate judge for case management.  (Doc. 294.)

[90]The motion asks the court to extend discovery as to parties who have not been added as defendants.  Denied by order of 09/10/2003.  (Doc. 387.)

[91]The plaintiff admits her own negligence in failing to timely secure an expert and does not name an expert which she could procure if given additional time.

[92]Superfluous motion to get McAlister and JennyMac "back in the case."  They were already "back in the case" as a result of the court of appeals' ruling vacating their dismissal. Denied by order of 09/10/2003.  (Doc. 387.)

| |
|---|
| 03/13/2003 305 MOTION by plaintiff Annie Laura Thompson to extend discovery filed cs (KWC) (Entered: 03/13/2003)[93] |
| 03/14/2003 307 MOTION by plaintiff Annie Laura Thompson to compel Looney's documents and full and complete answers to interrogatories filed cs (motion not signed) (KWC) Modified on 03/17/2003 (Entered: 03/17/2003)[94] |
| 03/20/2003 311 MOTION by plaintiff Annie Laura Thompson for order to lift stay of proceedings involving Lanny McAlister filed cs (KWC) (Entered: 03/20/2003)[95] |
| 03/20/2003 312 MOTION by plaintiff Annie Laura Thompson for order to obtain registration of plays and screenplay "Freedom Run" from Writers' Guild of America filed cs (KWC) (Entered: 03/20/2003)[96] |
| 03/24/2003 314 MOTION by plaintiff Annie Laura Thompson to strike affidavit of pla's witness Mary Yarbrough filed cs (KWC) (Entered: 03/24/2003)[97] |
| 03/24/2003 315 Supplemental MOTION by plaintiff Annie Laura Thompson for enlargement of time for discovery to take deposition of co-owner of copyrights, Mary Yarbrough, due to dfts' concealment of forcing her afvdt filed cs (KWC) (Entered: 03/24/2003)[98] |
| 03/24/2003 316 MOTION by plaintiff Annie Laura Thompson for enlargement of time to serve dft Chester McKinney filed cs (KWC) (Entered: 03/24/2003)[99] |

---

[93]Motion to extend discovery as a result of the plaintiff's failing to attend a deposition. Denied by order of 09/10/2003.  (Doc. 387.)

[94]Denied by order of 09/10/2003.  (Doc. 387.)

[95]Granted by order of 09/10/2003.  (Doc. 387.)

[96]Denied by order of 09/10/2003.  (Doc. 387.)

[97]This Motion also seeks to have the plaintiff's time to respond to defendants' motion for summary judgment not begin to run until after the court had ruled on this Motion.  Denied by order of 09/10/2003.  (Doc. 387.)

[98]Denied by order of 09/10/2003.  (Doc. 387.)  The court held that the plaintiff herself could have taken her sister's deposition or offered an affidavit in response to the motion for summary judgment.

[99]Denied by order of 09/10/2003.  (Doc. 387.)  The court held that the plaintiff had had ample time to serve this defendant.

| |
|---|
| 03/24/2003 317 MOTION by plaintiff Annie Laura Thompson for order for clarification of status of Lanny McAlister and JennyMac Productions, Inc filed cs (KWC) (Entered: 03/24/2003)[100] |
| 03/25/2003 318 MOTION by plaintiff Annie Laura Thompson for partial summary judgment and brief in support filed cs (KWC) (Entered: 03/25/2003)[101] |
| 03/25/2003 320 MOTION by plaintiff Annie Laura Thompson to supplement and/or substitute motion for sumjgm with attached exhs [320-1] filed cs (KWC) (Entered: 03/27/2003)[102] |
| 03/31/2003 326 MOTION by plaintiff Annie Laura Thompson for expedited hearing , and MOTION for expedited ruling on McAlister's stay for bankruptcy filed cs (KWC) (Entered: 03/31/2003)[103] |
| 03/31/2003 327 MOTION by plaintiff Annie Laura Thompson for expedited hearing , and MOTION for expedited ruling on pending motion of Oct 21, 2002, etc. filed cs (KWC) (Entered: 03/31/2003)[104] |
| 04/02/2003 328 MOTION by plaintiff Annie Laura Thompson to supplement motion for sumjgm with attached filed cs (KWC) (Entered: 04/02/2003)[105] |
| 04/04/2003 332 MOTION by plaintiff Annie Laura Thompson to strike afdt of Packard E Phillips w/att afdt of Annie Thompson filed cs (KWC) (Entered: 04/04/2003)[106] |
| 04/11/2003 336 Supplemental Response to dft's opposition, supp opp to her req for enlargement of time and MOTION by plaintiff Annie Laura Thompson for order enabling her to take deposition of Margie Benson and conduct discovery , and for sanctions for misrepresentations to court filed cs (KWC) (Entered: 04/11/2003)[107] |

---

[100]Denied by order of 09/10/2003.  (Doc. 387.)  The court noted that "[t]his has been explained several times already."

[101]Found moot by order of 02/22/2005.  (Doc. 516.)

[102]Granted by order of 03/31/2003.  (Doc. 325.)

[103]Found moot by order of 09/10/2003.  (Doc. 387.)

[104]Found moot by order of 09/10/2003.  (Doc. 387.)

[105]Granted by order of 04/02/2003.  (Doc. 331.)

[106]Denied by order of 09/10/2003.  (Doc. 387.)

[107]This motion deals with the same incident as document 305.  Denied by order of 09/10/2003.  (Doc. 387.)  The court noted that the plaintiff did not show for the deposition at the

| |
|---|
| 04/14/2003 338 MOTION by plaintiff Annie Laura Thompson for an expedited status conference filed cs (KWC) (Entered: 04/14/2003)[108] |
| 04/16/2003 341 MOTION by plaintiff Annie Laura Thompson to strike expert report and objection to Don Dodd as expert witness filed cs (KWC) (Entered: 04/16/2003) [109] |
| 04/22/2003 343 MOTION by plaintiff Annie Laura Thompson to continue trial date and sum jgm deadlines filed cs (KSS) (Entered: 04/22/2003) |
| 04/22/2003 344 MOTION by plaintiff Annie Laura Thompson for order to offer alternate motion for continuance filed cs (KSS) (Entered: 04/22/2003) |
| 04/22/2003 345 MOTION by plaintiff Annie Laura Thompson for attorney Dane S Ciolino to appear pro hac vice contingent upon the granting of a continuance filed cs (KWC) Modified on 04/23/2003 (Entered: 04/23/2003)[110] |
| 04/22/2003 346 MOTION by plaintiff Annie Laura Thompson for a continuance of June 10, 2003 trial date filed cs (KWC) (Entered: 04/23/2003)[111] |
| 04/24/2003 349 MOTION by plaintiff Annie Laura Thompson for extension of time to file opposition to dfts' motion for sumjgm filed cs (KWC) (Entered: 04/24/2003)[112] |
| 04/24/2003 350 MOTION by plaintiff Annie Laura Thompson to resubmit afdt included in pla's motion for partial sumjgm, with word "belief" omitted (afdt attached) filed cs (KWC) Modified on 04/24/2003 (Entered: 04/24/2003) |
| 04/24/2003 351 MOTION by plaintiff Annie Laura Thompson to supplement pla's partial motion for sumjgm with itemization of uncontested facts and exhs inadvertently omitted exhs attached filed cs (KWC) (Entered: 04/24/2003)[113] |

---

time it was originally scheduled.

[108]The plaintiff requested this relief on multiple occasions.  Denied by order of 10/29/2004.  (Doc. 486.)

[109]Denied summarily by order of 10/29/2004.  (Doc. 485.)

[110]Granted by order of 04/29/2003.  (Doc. 357.)

[111]Found moot by order of 04/29/2003.  (Doc. 357.)

[112]Found moot by order of 04/28/2003.  (Doc. 353.)

[113]Granted by order of 10/29/2004.  (Doc. 484.)

| |
|---|
| 04/29/2003 359 Supplement to MOTION by plaintiff Annie Laura Thompson to strike afdt of Mary Alice Yarbrough filed cs (KWC) (Entered: 04/29/2003)[114] |
| 04/29/2003 360 Supplement to MOTION by plaintiff Annie Laura Thompson to strike afdt of Packard Phillips filed cs (KWC) (Entered: 04/29/2003)[115] |
| 06/19/2003 369 MOTION by plaintiff Annie Laura Thompson to supplement 4/28/03 opposition to summary judgment filed (BST) (Entered: 06/19/2003)[116] |
| 06/19/2003 370 MOTION by plaintiff Annie Laura Thompson for order to permit filings by plaintiff filed cs (BST) (Entered: 06/19/2003)[117] |
| 07/02/2003 375 MOTION by plaintiff Annie Laura Thompson to supplement pla's 4/21/03 motion for partial sumjgm with a motion for leave of court to file the doc already submitted[351-1] filed cs (BST) (Entered: 07/02/2003)[118] |
| 07/03/2003 379 MOTION by plaintiff Annie Laura Thompson for protective order , and for order to permit the videotaping of the 2003 play filed cs (BST) (Entered: 07/08/2003) |
| 11/03/2003 393 MOTION by plaintiff Annie Laura Thompson for order for review of 10/15/03, order of Mag Judge Armstrong regarding denial of pla's motion to extend discovery and objections (see below entry) filed cs (KSS) (Entered: 11/03/2003)[119] |
| 11/03/2003 394 MOTION by plaintiff Annie Laura Thompson for order for review of Mag Judge Armstrong's unauthorized dispositive rulings contrary to Rule 72 of FRCP and objections (see below entry) filed cs (KSS) (Entered: 11/03/2003)[120] |

---

[114]Denied by order of 10/29/2004.  (Doc. 483.)

[115]Supplements and requests the same relief as document 332.

[116]Denied by order of order of 10/29/2004.  (Doc. 466.)

[117]Granted with the statement that it will no longer be allowed if the Plaintiff continues her practice of submitting many motions to the court.  Also, prohibiting any further filings except as noted.

[118]Because the evidence was already submitted, the court granted the motion to supplement her summary judgment response.  (Doc. 482.)

[119]States basically the same objections and requests the same relief as documents 388 and 393.

[120]States basically the same objections and requests the same relief as documents 388 and 393.

| |
|---|
| 01/23/2004 402 MOTION (Request) by plaintiff Annie Laura Thompson to vacate order , and to transfer case back to prior court and notice (see above entry) filed w/exh att cs (KSS) (Entered: 01/23/2004)[121] |
| 01/27/2004 403 EMERGENCY MOTION by plaintiff Annie Laura Thompson for protective order filed w/exh att cs (KSS) (Entered: 01/27/2004)[122] |
| 07/06/2004 437 MOTION by plaintiff for leave to file motion to file for leave of court to supplement motion for partial summary judgment and opposition to summary judgment with videotape of 1998 prohibited sequel filed cs (DRR) (Entered: 07/07/2004)[123] |
| 07/06/2004 438 MOTION by plaintiff for leave to file motion to supplement summary judgment and opposition to summary judgment motions with burning of Jasper Jail filed cs (DRR) Modified on 07/07/2004 (Entered: 07/07/2004)[124] |
| 07/12/2004 439 MOTION by plaintiff Annie Laura Thompson for order to present motion to file motion for leave of court to supplement motion for partial summary judgment and opposition to summary judgment with new motion page to include exhibits inadvertently omitted about video of 1998 prohibited sequel filed cs (DRR) Modified on 08/10/2004 (Entered: 07/13/2004)[125] |
| 07/12/2004 440 MOTION by plaintiff for order to present motion for leave to supplement motion for partial summary judgment and opposition to summary judgment with Wilson Afdt Burning of Jasper filed cs (DRR) Modified on 09/03/2004 (Entered: 07/13/2004)[126] |

[121]Requests the same relief as document 401.

[122]The plaintiff insists that her personal safety is at risk from the various defendants. Denied without prejudice by order of 01/30/2004.  (Doc. 405.)

[123]Filed in violation of the court's moratorium on motions.  Motion to supplement the plaintiff's summary judgment submissions.  Similar relief was requested in documents 438, 439, 440, 441, and 444.  Denied summarily by order of 10/29/2004.  (Doc. 480.)

[124]Another motion to supplement the plaintiff's summary judgment submissions.  Similar relief was requested in documents 437, 439, 440, 441,  and 444.  Denied summarily by order of 10/29/2004.  (Doc. 479.)

[125]Another motion to supplement the plaintiff's summary judgment submissions.  Similar relief was requested in documents 437, 438, 440, 441, and 444.  Denied summarily by order of 10/29/2004.  (Doc. 478.)

[126]Another motion to supplement the plaintiff's summary judgment submissions.  Similar relief was requested in documents 437, 438, 439, 441, and 444.  Denied summarily by order of 10/29/2004.  (Doc. 477.)

| |
|---|
| 07/14/2004 441 MOTION by plaintiff Annie Laura Thompson for leave to file motion to file motion for leave of court to file supplement to motion for partial summary judgment and opposition to summary judgment to show infringement filed cs (DRR) (Entered: 07/15/2004)[127] |
| 07/26/2004 444 MOTION by plaintiff for leave to file motion for leave of court to supplement motion for partial summary jdugment and opposition to summary judgment with McClusky affidavit and article filed cs (DRR) (Entered: 07/28/2004)[128] |
| 07/26/2004 445 MOTION by plaintiff for leave to file motion to certify for interlocutory appeal to the 11th Circuit Court of Appeals order #442 denying recusation of Judge Armstrong filed cs (DRR) (Entered: 07/28/2004)[129] |
| 08/06/2004 447 MOTION by plaintiff for leave to file reply to dft's opposition and to supplement partial summary judgment and opposition to summary judgment motion about Jasper Jail incident filed cs (DRR) (Entered: 08/09/2004)[130] |
| 08/16/2004 449 MOTION by plaintiff for leave to file ameneded motion requesting recusal of Magistrate Judge Robert Armstrong with significant facts and newly discovered case law filed cs (DRR) (Entered: 08/18/2004) |
| 8/26/2004 451 MOTION by plaintiff Annie Laura Thompson for leave to file motion for reconsideration of order denying filing of pla's motion, postmarked day after order #446, substantiating dfts copied substantially similar protectible copyrighted incidents and mistakes filed cs (DRR) (Entered: 08/27/2004)[131] |
| 08/27/2004 452 MOTION by plaintiff for leave to file objection to order #446 referring summary judgment motions to Magistrate Judge filed cs (DRR) (Entered: 08/30/2004) |

---

[127]Another motion to supplement her summary judgment submissions.  Similar relief was requested in documents 437, 438, 439, 440, and 444.  Denied summarily by order of 10/29/2004.  (Doc. 476.)

[128]Again, the plaintiff wishes to further supplement her response to summary judgment.  Similar relief was requested in documents 437, 438, 439, 440, and 441.  Denied summarily by order of 10/29/2004.  (Doc. 474.)

[129]The plaintiff again requested that one of this court's order be certified for interlocutory appeal.  Denied by order of 11/01/2004.  (Doc. 490.)

[130]Again, the plaintiff wishes to further supplement her response to summary judgment.  Similar relief was requested in documents 437, 438, 439, 440, 441, and 444.

[131]Requested the same relief in document 447 which was denied by document 448.  Denied summarily by order of 10/29/2004.  (Doc. 468.)

| |
|---|
| 08/30/2004 454 MOTION by plaintiff for leave to file motion to reinstate the named dfts pursuant to the opinion and mandate of the 11th circuit Court of Appeals filed cs (DRR) (Entered: 08/31/2004)[132] |
| 09/02/2004 455 MOTION by plaintiff for leave to file motion supplementing objection to orders #446 and #448 and moving for reconsideration filed cs (DRR) (Entered: 09/03/2004)[133] |
| 09/10/2004 457 MOTION by plaintiff for leave to file motion to reinstate original and amended complaints pursuant to 11th circuit mandate regarding Looney's, Free State, Posey, Goch, Cohen, McKinney, Magnolia Enterprises filed cs (DRR) (Entered: 09/10/2004)[134] |
| 09/13/2004 458 MOTION by plaintiff Annie Laura Thompson for order for recusal of Judge Hopkins with affidavit of Annie Laura Thompson and exhibits attached thereto filed cs (MAA) (Entered: 09/14/2004)[135] |
| 10/18/2004 461 MOTION (second) by plaintiff Annie Laura Thompson to strike Packard Phillilps affidavit filed cs (MAA) (Entered: 10/20/2004)[136] |
| 11/15/2004 494 Pla's Objections and MOTION for Expedited Hearing, MOTION for Review and Appeal regarding Magistrate Judge's orders by Annie Laura Thompson. (DRR) (Entered: 11/16/2004)[137] |
| 11/29/2004 497 MOTION for Leave to Request an expedited continuance and an expedited status conference by Annie Laura Thompson. (DRR) (Entered: 11/30/2004)[138] |

[132]The fact that these defendants were still part of the lawsuit was clearly explained to the plaintiff in the order of 09/10/2003. (Doc. 387.) Denied and explained again by order of 10/29/2004. (Doc. 470.)

[133]Requested the opportunity to supplement an objection to an order denying a previous motion by the plaintiff. Denied summarily by order of 10/29/2004. (Doc. 469.)

[134]Requested that original complaints be reinstated to reinstate certain defendants. Found moot by order of 10/29/2004. (Doc. 472.)

[135]Denied by order of 10/26/2004. (Doc. 465.)

[136]On its face, this motion seeks relief that has already been denied. Denied summarily by order of 10/29/2004. (Doc. 473.)

[137]The plaintiff again sought review of the magistrate judge's orders despite the fact that no such review of non-dispositive orders is provided for by local rule. This was previously explained to the plaintiff.

[138]Again, the plaintiff requested an expedited status conference and continuance despite the fact that this relief had been denied several times before. Requests substantially the same

| |
|---|
| 01/19/2005 514 MOTION for Extension of Time to Complete Discovery for 60 days for an expert report relative to scripts and screenplays of Lanny McAlister and JennyMac Productions by Annie Laura Thompson. (DRR) (Entered: 01/19/2005)[139] |
| 02/22/2005 516 MOTION to Withdraw 318 her Motion for Partial Summary Judgment by Annie Laura Thompson. (JLC, ) (Entered: 02/23/2005)[140] |
| 02/22/2005 517 MOTION for Extension of Time for Discovery due to Defense Atty's writing to persons subpoenaed not to answer by Annie Laura Thompson, with exh att. (JLC, ) (Entered: 02/23/2005)[141] |
| 02/22/2005 518 MOTION To lift Moratorium on Motions by Annie Laura Thompson. (JLC, ) (Entered: 02/23/2005)[142] |
| 02/24/2005 519 MOTION to Consolidate this case with CV-04-CO-3056-J, with exhs att(copies of pictures of files) by Annie Laura Thompson. (JLC, ) (Entered: 02/24/2005)[143] |
| 03/02/2005 524 MOTION to resubmit September 3, 2004 Motion for Recusation of Judge Virginia Emerson Hopkins 458 with exhs att by Annie Laura Thompson. (JLC, ) (Entered: 03/02/2005)[144] |

---

relief as document 494.  Denied by order of 12/08/2004.  (Doc.  502.)

[139]The court had just entered an order regarding discovery procedures.  Struck by order of 01/19/2005.

[140]Granted by order of 02/22/2005.  (Doc. 516.)

[141]Denied by order of 02/28/2005.

[142]The plaintiff never seemed restrained by the moratorium.  In any case, despite several denials of this same motion, the plaintiff, again, seeks this relief.  Denied by order of 02/28/2005.

[143]Filed despite the fact that the moratorium on motions had not been lifted.  The motion recites that the plaintiff seeks to get the case removed from Judge Hopkins (after the plaintiff's motion to recuse Judge Hopkins was denied).  Denied by order of 03/10/2005.  (Doc. 534.)

[144]The very day this motion was filed, the court had already denied the plaintiff's *third* request for recusation of *this* judge.  (The plaintiff had also sought recusal of Judges Johnson, Bowdre (and her law clerk), and Judge Proctor, and Magistrate Judge Armstrong (and his law clerk), and complained as to how she was treated or her case was handled by the Deputy Clerk of Court and both docket clerks assigned to this judge.) Denied by order of 03/03/2005.

| |
|---|
| 03/10/2005 536 MOTION for Hearing on Variance in Scripts and Plays by Annie Laura Thompson. (JLM, ) (Entered: 03/10/2005)[145] |
| 03/10/2005 537 MOTION and Incorporated Memorandum to Compel Subpoenaed Documents, with certificate attached by Annie Laura Thompson. (JLM, ) (Entered: 03/10/2005)[146] |
| 03/10/2005 538 MOTION (Second) for Extension of Time of 30 days to Complete Discovery on Defendants McAlister & JennyMac Productions by Annie Laura Thompson. (JLM, ) (Entered: 03/10/2005)[147] |
| 03/11/2005 543 MOTION for Sanctions against attorney Stephan Hall, with exhs att, filed by Annie Laura Thompson. (JLM, ) (Entered: 03/11/2005) |
| 03/18/2005 546 MOTION for Sanctions against attorneys Stephen Hall and Daniel McDowell for disruption of deposition. by Annie Laura Thompson. (JLC, ) (Entered: 03/18/2005)[148] |
| 03/21/2005 552 MOTION and Incorporated Memorandum for Withdrawal of Parts of Order Conflicting with FRCP, specifically the last paragraph of Case Management Order 512, with request to extend time for 30 days thereon and with exhibits attached, filed by Annie Laura Thompson. (JLC, ) (Entered: 03/21/2005)[149] |
| 03/24/2005 556 MOTION to set aside submission of 2003 Summary Judgment Motion and to stay McAlister's Summary Judgment submissions. by Annie Laura Thompson. (JLC, ) (Entered: 03/24/2005)[150] |
| 03/28/2005 559 MOTION for Reconsideration of award of costs to Dodd re 555 Order re Motion 548, by Annie Laura Thompson. (JLC, ) (Entered: 03/28/2005)[151] |

[145]Denied summarily by order of 03/22/2005.

[146]Denied by order of 03/23/2005.  (Doc. 554.)

[147]Denied summarily by order of 03/14/2005.

[148]Requests substantially the same relief as document 543.  Denied summarily by order of 03/22/2005.

[149]Denied by order of 03/22/2005.  (Doc. 553.)

[150]Time and again this same relief is requested.  Denied by order of 04/21/2005.  (Doc. 593.)

[151]Granted in the hearing held on 04/14/2005.

| |
|---|
| 03/28/2005 560 MOTION for Extension of Time to give pro se plantiff reasonable time to respond prior to issuance of orders. by Annie Laura Thompson. (JLC, ) (Entered: 03/28/2005)[152] |
| 04/04/2005 567 MOTION and incorporated memorandum to hold summary judgment deadlines, submissions, oppositions, and consideration thereof in abeyance pending the May 27, 2005 hearing on variances between play and public performances. by Annie Laura Thompson. (JLC, ) (Entered: 04/04/2005)[153] |
| 04/04/2005 568 MOTION for extra time and pages for oppisition to summary judgment. by Annie Laura Thompson. (JLC, ) (Entered: 04/04/2005)[154] |
| 04/04/2005 569 MOTION for a Fraud and Spoliation of Evidence Hearing on an Expedited Basis, with brief in support and exhibits attached by Annie Laura Thompson. (JLM, ) (Entered: 04/04/2005)[155] |
| 04/07/2005 572 MOTION for Extension of Time by Annie Laura Thompson. (JLC, ) (Entered: 04/07/2005)[156] |
| 04/13/2005 582 MOTION to attach to 4/7/05 brief 573 exhibits inadvertently omitted, with exhibits attached, filed by Annie Laura Thompson. (JLC) [Exhibits too large to scan. Placed in serarate expandable.] (Entered: 04/13/2005)[157] |
| 04/14/2005 586 MOTION by Annie Laura Thompson to COMPEL and Objection to McAlister's Failure to Provide Requested Documents and Things and Answer Fully Interrogatories and Admission Requests, with exhibit attached. (JLM, ) (Entered: 04/14/2005)[158] |
| 04/14/2005 587 MOTION by Annie Laura Thompson for Expedited HEARING on Motion to Compel and Objection 586, with exhibits attached (JLM, ) (Entered: 04/14/2005)[159] |

[152]The plaintiff requests that the court wait longer to issue orders.

[153]Granted in the hearing held on 04/14/2005.

[154]Granted in the hearing held on 04/14/2005.

[155]Granted by order of 04/21/2005.  (Doc. 593.)

[156]Found moot by order of 04/21/2005.  (Doc. 593.)

[157]Granted by order of 04/21/2005.  (Doc. 593.)

[158]Denied by order of 04/18/2005.  (Doc. 589.)

[159]Denied by order of 04/18/2005.  (Doc. 589.)

| |
|---|
| 05/04/2005 597 MOTION for Section 1292(b) Certification for interlocutory appeal of various orders, filed by Annie Laura Thompson. (JLC, ) (Entered: 05/04/2005)[160] |
| 05/20/2005 603 MOTION to Strike Don Dodd's expert report and all submissions due to defendants spoilation of evidence and plaintiff's declaration controverting it and its legal premises by Annie Laura Thompson. (JLC, ) (Entered: 05/20/2005)[161] |
| 05/20/2005 604 MOTION to Strike illegible news article - defense exhibit "O" by Annie Laura Thompson. (JLC, ) (Entered: 05/20/2005)[162] |
| 05/23/2005 605 MOTION to Strike affidavits of Lanny McAlister in his and JennyMac's Motion for Summary Judgment 594, including Exhibits E, G, L and M, 596, with 28 USC 1746 Declaration of plaintiff thereon, filed by Annie Laura Thompson. (JLM, ) (Entered: 05/23/2005)[163] |
| 05/23/2005 606 MOTION for 56(F) Opportunity to Obtain Affidavits and Take Depositions to Obtain Facts Essential to Justify Her Opposition to Defendant's Summary Judgment Motion 594 or Alternatively to Strike Affidavit of Dwain Moody, Exhibit A in 596, with Declaration pursuant to 28 USC 1746 thereon, filed by plaintiff Annie Laura Thompson. (JLM, ) (Entered: 05/23/2005)[164] |
| 05/27/2005 607 MOTION (Request) by Annie Laura Thompson (pro se) for Extension of Time of 2 weeks to file summary judgment opposition. (JLM, ) (Entered: 05/27/2005)[165] |
| 05/27/2005 608 MOTION to Strike Expert Report of Don Dodd, and Objection to Don Dodd as Expert Witness, with exhibits attached, by Annie Laura Thompson. (JLM, ) See document 603 (Entered: 05/27/2005)[166] |

---

[160]Another motion to certify an order for interlocutory appeal. None of the motions had been granted to this point. Denied by order of 05/18/2005. (Doc. 602.)

[161]Another motion to strike Dodd's testimony and report.

[162]Denied by order of 06/01/2005. (Doc. 619.)

[163]Denied by order of 05/31/2005. (Doc. 614.)

[164]The court denied this motion on 06/03/2005. (Doc. 624.) The court noted that this relief had been denied at least once before.

[165]Granted by order of 05/31/2005.

[166]Another motion to strike Dodd's report. Denied by order of 05/31/2005. (Doc. 615.)

43

| |
|---|
| 05/27/2005 609 MOTION to Strike Affidavit of Packard Phillips, with exhibit attached, by Annie Laura Thompson. (JLM, ) See documents 332 360 and 461 (Entered: 05/27/2005)[167] |
| 05/27/2005 610 MOTION to Strike Defendants' Affidavit of Plaintiff's sister and Witness, Mary Alice Thompson Yarbrough, by Annie Laura Thompson. (JLM, ) See document 314 (Entered: 05/27/2005)[168] |
| 05/27/2005 611 MOTION (SUPPLEMENT) to Strike Affidavit of Mary Alice Yarbrough, Co-Owner of Copyrights, by Annie Laura Thompson. (JLM, ) See document 359 (Entered: 05/27/2005)[169] |
| 05/31/2005 616 MOTION to Strike affidavit of Mary Yarbrough by Annie Laura Thompson. (JLC, ) See documents 610 and 611 (Entered: 06/01/2005)[170] |
| 05/31/2005 617 MOTION to Strike defendants McAlister's and Jennymac's motion for summary judgment by Annie Laura Thompson. (JLC, ) (Entered: 06/01/2005)[171] |
| 05/31/2005 618 MOTION to Strike affidavit of Packard Phillips by Annie Laura Thompson. (JLC, ) See document 609 (Entered: 06/01/2005)[172] |
| 06/14/2005 629 MOTION for Extension of Time for Summary Judgment Opposition by Annie Laura Thompson. (Attachments: # 1 Exhibit)(JLC, ) (Entered: 06/14/2005)[173] |
| 06/28/2005 636 PLAINTIFF'S MOTION to supplement her opposition to the summary judgment motion of McAlister and Jennymac with exhibits inadvertently omitted and with a brief with exhibits noted, by Annie Laura Thompson. Exhibits to large to scan, placed in expandable. (JLC, ) (Entered: 06/28/2005)[174] |

---

[167]Denied by order of 06/03/2005.  (Doc. 625.)

[168]This relief had been requested before.  Denied by order of 06/03/2005.  (Doc. 625.)

[169]This relief had been requested before.  Denied by order of 06/03/2005.  (Doc. 625.)

[170]Requests the same relief denied at least twice before.  Denied by order of 06/02/2005. (Doc. 621.)

[171]Denied by order of 06/02/2005.  (Doc. 622.)  The court specifically noted that many of the arguments contained in the motion had been dealt with previously.

[172]Requests the same relief denied at least twice before.  Denied by order of 06/30/2005. (Doc. 627.)

[173]Granted by order of 06/14/2005.

[174]Denied by order of 06/30/2005.  (Doc. 640.)

| |
|---|
| 07/12/2005 641 PLAINTIFF'S MOTION for Extension of Time to Reply to Defendants Motion to Strike Evidentiary Submissions by Annie Laura Thompson. (JLC, ) (Entered: 07/12/2005) |
| 07/20/2005 644 MOTION for Extension of Time for Oral Arugment by Annie Laura Thompson. (JLC, ) (Entered: 07/21/2005)[175] |
| 07/22/2005 646 MOTION for due process and equal protection of the law by Annie Laura Thompson. (JLC, ) (Entered: 07/22/2005)[176] |
| 07/26/2005 649 MOTION to Strike 617 Defendants' Reply Brief or Alternatively to Add Additional Evidence of Material Fact and New Law-June 2005 Supreme Court Opinion on Copyright Infringement Preventing all Defendants' McAlister's, Jennymac's,Looney's, Free State's, Posey's, Goch's, Cohn's Summary Judgment Motions and Causing Loss of Their Cases by Annie Laura Thompson. (JLC, ) (Entered: 07/27/2005)[177] |
| 07/26/2005 650 MOTION to Correct the Clerical Mistakes in Docketing of Plaintiff's Summary Judgment Brief Before Hearing by Annie Laura Thompson. (JLC, ) (Entered: 07/27/2005)[178] |
| 08/22/2005 664 Plaintiff's MOTION For Leave to Correct Defense's Misrepresentations at Oral Argument by Annie Laura Thompson. (JLC, ) (Entered: 08/22/2005)[179] |
| 08/24/2005 665 MOTION for Reconsideration of Denial of Court Reporter's Transcript and Affidavits, 68E Evidentiary and Other Submissions and Request to Amend Complaint and Summary Judgment Opposition to Include the Alabama Statute of Frauds of Which Plaintiff has Just Learned by Annie Laura Thompson. (JLC, ) (Entered: 08/24/2005)[180] |

---

[175]Deemed moot due to continuance granted on 07/21/2005.

[176]Denied summarily by order of 07/22/2005.

[177]Much of this was untimely argument–filed after the summary judgment deadline.  It was struck as such by order of 07/28/2005.  (Doc. 653.)

[178]The plaintiff failed to comply with the court's scheduling order and submitted materials in disarray, with oral instructions to the court's docket clerk as to how to label the plaintiff's numerous exhibits.  In this motion, she contends that the materials were mislabeled by the docket clerk.  By order of 07/28/2005, the court allowed the plaintiff to refile her materials both labels affixed by her.  (Doc. 654.)  However, despite such permission, the plaintiff did not refile.

[179]Denied summarily by order of 08/25/2005.

[180]Denied summarily by order of 08/25/2005.

45

| |
|---|
| 09/27/2005 674 MOTION to Stay Proceedings Pending Outcome of Appeal by Annie Laura Thompson. (JLC, ) (Entered: 09/27/2005)[181] |
| 10/13/2005 681 MOTION to Stay proceedings pending a ruling by the Eleventh Circuit Court of Appeals as to whether District Court's summary judgment Memorandum Opinion and subsequent Order resolved all of the plaintiff's claims as to all of the defendants, thus rendering the judgment final and appealable by Annie Laura Thompson. (JLC, ) (Entered: 10/13/2005)[182] |
| 05/05/2006 693 MOTION to Correct Transcript's Errors in April 19, 2005 Hearing by Annie Laura Thompson. (JLC, ) (Entered: 05/08/2006)[183] |
| 05/05/2006 694 MOTION to Correct Clerical Mistakes and Others in Transcript of August 11, 2005 Oral Arguments Regarding Defendants' Summary Judgment Motions by Annie Laura Thompson. (JLC, ) (Entered: 05/08/2006)[184] |
| 05/25/2006 697 MOTION to Return to Case File Motion for Recusal of Judge Hopkins by Annie Laura Thompson. (JLC, ) (Entered: 05/30/2006)[185] |
| 05/25/2006 698 MOTION to Correct the Record by Annie Laura Thompson. (JLC, ) (Entered: 05/30/2006) |
| 06/01/2006 700 MOTION to Make Letters in Record a Part of Record for Appeal by Annie Laura Thompson. (JLC, ) (Entered: 06/01/2006)[186] |
| 06/09/2006 701 FOURTH MOTION for Recusal of Judge Virginia Hopkins by Annie Laura Thompson. (JLC, ) (Entered: 06/09/2006)[187] |

---

[181]Denied by order of 10/05/2005.

[182]Granted by order of 10/13/2005.

[183]Granted in part and denied in part by order of 05/08/2006.

[184]Granted in part and denied in part by order of 05/08/2006.

[185]Denied by Order dated 05/30/06 while the case file was assembled for transmission to the Court of Appeals, but with directions to the Clerk "to review the [plaintiff's] Complaint . . . and take care that all documents which have been filed into the record are accounted for."

[186]Denied by order of 06/01/2006.

[187]Denied by order of 06/12/2006.

| |
|---|
| 04/27/2007 706 MOTION for Extension of Time for a 30 day Extension to Respond to Defendants' Request for Attorneys' Fees and Costs by Annie Laura Thompson. (JLC, ) (Entered: 04/27/2007)[188] |
| 05/29/2007 707 Plaintiff's Motion to Strike McAlister's 670 MOTION for Attorney Fees and Request for Costs as Untimely, Not in Requisite 14 Days After Entry of Judgment, and Not in Compliance With FRCP 54(D)(2)(b) by Annie Laura Thompson. (JLC, ) (Entered: 05/30/2007)[189] |
| 06/01/2007 709 MOTION to Stay Consideration of Defendants' Request for Attorneys' Fees and Costs Pending Outcome of Plaintiff's Petition for a Writ of Certiorari with the United States Supreme Court and Outcome of Same by Annie Laura Thompson. (Attachments: # 1 Exhibit A)(JLC, ) (Entered: 06/01/2007) |
| 06/01/2007 710 Second MOTION to Strike 669 MOTION for Attorney Fees by Annie Laura Thompson. (JLC, ) (Entered: 06/01/2007)[190] |
| 08/22/2007 728 MOTION to Compel by Annie Laura Thompson. (JLC, ) (Entered: 08/22/2007)[191] |
| 08/30/2007 733 MOTION for Judge Hopkins not to Turn Attorney's Fees and/or Expenses Over for Review and Recommendations to Magistrate Judge Armstrong by Annie Laura Thompson. (JLC, ) (Entered: 09/05/2007)[192] |
| 09/04/2007 734 MOTION for Reconsideration of Clerk's Assessment of Taxation of Costs for Lanny McAlister & Jennymac Production by Annie Laura Thompson. (JLC, ) (Entered: 09/05/2007)[193] |
| 09/04/2007 735 MOTION for Reconsideration of Clerk's Assessment of Taxation of Costs for Looney's Tavern Productions and James Posey by Annie Laura Thompson. (JLC, ) (Entered: 09/05/2007)[194] |

---

[188]Granted by order of 04/30/2007.

[189]Makes the same argument as document 704.

[190]Contains the same arguments as documents 704 and 707.

[191]Made despite the moratorium on motions, and after the court had denied the plaintiff's motion to lift the moratorium.  Granted in part by order of 09/05/2007.  (Doc. 737.)

[192]Denied as moot by order of 09/05/2007.  (Doc. 738.)

[193]Denied by order of 09/12/2007 as untimely filed.  (Doc. 739.)

[194]Denied by order of 09/12/2007 as untimely filed.  (Doc. 739.)

| |
|---|
| 09/04/2007 736 MOTION to Consider the Version Sent Under Seal with Exhibits in Opposition to Attorneys' Fees and Costs by Annie Laura Thompson. (JLC, ) (Entered: 09/05/2007)[195] |
| 10/01/2007 744 MOTION to file two motions that plaintiff said were returned to her unstamped and unfiled by Annie Laura Thompson. (JLC, ) (Entered: 10/01/2007[196]) |
| 10/01/2007 747 SECOND MOTION to Compel by Annie Laura Thompson. (JLC, ) (Entered: 10/01/2007)[197] |
| 10/03/2007 750 MOTION for Rule to Show Cause by Annie Laura Thompson. (JLC, ) (Entered: 10/03/2007)[198] |
| 10/25/2007 757 MOTION to Grant Plaintiffs' 752 Stricken Affidavit by Annie Laura Thompson. (JLC, ) (Entered: 10/25/2007)[199] |
| 11/02/2007 760 MOTION to Stay by Annie Laura Thompson. (Attachments: # 1 Exhibit A)(JLC, ) (Entered: 11/02/2007)[200] |
| 11/13/2007 764 **STRICKEN** MOTION for the Court to Require Defendants Looney's Tavern Productions, Inc., James Posey and Lanier, Shaver & Payne to Produce Forthwith for the Record the Alleged 2005 Affidavit of Stephen Hall in Support of Firm's Attorney Fee Request by Annie Laura Thompson. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C)(JLC, ) (Entered: 11/13/2007)[201] |

---

[195]Granted by order of 10/04/2007.  (Doc. 751.)

[196]Denied by order of 10/04/2007.  (Doc. 751.)

[197]Denied by order of 10/04/2007.  (Doc. 751.)

[198]Denied by order of 10/04/2007.  (Doc. 751.)

[199]Granted by order of 10/26/2007.  (Doc. 758.)

[200]Granted by order of 11/07/2007 due to consent of all parties.  (Doc. 763.)

[201]Struck by order of 11/20/2007, as violative of the court's orders to cease filing motions. (Doc. 768.)

| |
|---|
| 11/13/2007 766 **STRICKEN** MOTION and Incorporated Memorandum with Supporting Affidavit Regarding Defendants Looney's and Posey's and their Counsel's failure to Comply with the FRCP and ALND,II and Plaintiff's Second Motion to Strike their Petition Due to Failure to Comply with Binding Rules, Resulting in a Waiver and Attorney Fees Being Disallowed by Annie Laura Thompson. (JLC, ) (Entered: 11/13/2007)[202] |
| 12/06/2007 775 **STRICKEN** MOTION and Incorporated Memorandum in Support of Section 1292(b) Certification by Annie Laura Thompson. (JLC, ) Modified on 12/6/2007 (JLC, ). (Entered: 12/06/2007)[203] |
| 12/10/2007 778 MOTION to Conduct Discovery Prior to December 13, 2007 Hearing by Annie Laura Thompson. (JLC, ) (Entered: 12/10/2007)[204] |

| Requests |
|---|
| 03/04/2002 138 REQUEST by pla Annie Laura Thompson for attys Romaine Scott and Richard Rosenthal's motion to withdraw be granted filed cs (SRJ) (Entered: 03/05/2002) |
| 07/17/2002 178 REQUEST of plaintiff for service to James Posey and Magnolia Enterprises by certified mail filed (KWC) (Entered: 07/17/2002) |
| 08/16/2002 191 REQUEST by pla Annie Laura Thompson for clarification as to whether she is expected to physically attend hrg on 08/29/02 filed cs (KWC) (Entered: 08/16/2002) |
| 12/02/2002 247 REQUEST by plaintiff Annie Laura Thompson to file opposition to dfts' request and proposed seeking of partial sumjgm filed cs (KWC) (Entered: 12/02/2002)[205] |
| 12/05/2002 254 REQUEST by plaintiff Annie Laura Thompson for leave to oppose dft McAlister's req on grounds of McAlister's filing for bankruptcy filed cs (KWC) (Entered: 12/05/2002)[206] |

---

[202]Struck by order of 11/20/2007, as violative of the court's orders to cease filing motions. (Doc. 768.)

[203]Struck by order of 12/06/2007 for violating this court's previous orders to cease filing motions.  (Doc. 777.)

[204]Struck by order of 12/10/2007 for violating this court's previous orders to cease filing motions.  (Doc. 779.)

[205]Denied by order of 12/05/2002.  (Doc. 256.)

[206]Denied summarily by order of 01/02/2003.  (Doc. 281.)

| |
|---|
| 01/31/2003 282 REQUEST by plaintiff Annie Laura Thompson for oral argument re: Looney's motion for partial sumjgm filed cs (KWC) (Entered: 01/31/2003)[207] |
| 05/01/2003 364 REQUEST by plaintiff Annie Laura Thompson for oral argument in opposition to sumjgm, offered typed to replace handwritten request filed 04/28/03 filed cs (KWC) Modified on 05/02/2003 (Entered: 05/02/2003)[208] |
| 12/02/2003 398 REQUEST by plaintiff Annie Laura Thompson to stay dfts motions for summary judgment and notice (see above entry) filed cs (KSS) (Entered: 12/03/2003) |
| 12/15/2003 401 REQUEST by plaintiff Annie Laura Thompson to transfer case back to prior court filed cs (KSS) (Entered: 12/15/2003)[209] |
| 02/13/2004 406 REQUEST by plaintiff Annie Laura Thompson to present motion filed (KSS) (Entered: 02/13/2004)[210] |
| 02/17/2004 408 REQUEST by plaintiff Annie Laura Thompson for permission to present motion to certify for interlocutory appeal to the 11th Circuit Court of Appeals orders #403, #404 and #387 and all terminated motions filed cs (KSS) (Entered: 02/18/2004) |
| 02/23/2004 410 REQUEST by plaintiff Annie Laura Thompson for permission to present motion to substitute June 2003, opposition to sum jgm in lieu of that of April, 2003 filed cs (KSS) (Entered: 02/23/2004)[211] |

---

[207]Denied summarily by order of 02/06/2003.  (Doc. 285.)

[208]The court had previously denied a similar motion and explained that the materials would have to be reviewed before a decision was made.

[209]Requests that the case be sent back to the previous Article III judge.  Denied by order of 01/30/2004.  (Doc. 404.)

[210]This motion began the plaintiff's long line of "requests for permission to file".  Judge Proctor, in an attempt to curb the filing of motions by the plaintiff, instituted a procedure whereby the parties needed to seek and gain permission to file documents before doing so.  The plaintiff then responded by inundating the court with such requests to the extent that purpose of the procedure was defeated.  The court's order did, however, limit to three pages the length of such requests.

[211]Denied by order of  12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

| |
|---|
| 02/23/2004 411 REQUEST by plaintiff Annie Laura Thompson to present motion filed cs (KSS) (Entered: 02/23/2004)[212] |
| 02/25/2004 413 REQUEST by plaintiff Annie Laura Thompson for permission to present motion to supplement and amend pla's comp and partial sum jgm motion and opposition to dfts sum jgm motion on basis of 11th Circuit Court of Appeals new ruling and new developements and hold in abeyance sum jgm and related motions filed cs (KSS) (Entered: 02/26/2004)[213] |
| 03/17/2004 414 REQUEST by plaintiff Annie Laura Thompson to present motion for recusation of Judge Proctor filed w/affidavit att cs (KSS) (Entered: 03/17/2004) |
| 03/19/2004 415 REQUEST by plaintiff Annie Laura Thompson to present motion to file certified and true copy of 11th Circuit Court of Appeals ruling bearing on some issues presently before this court filed cs (KSS) (Entered: 03/19/2004) |
| 03/25/2004 416 REQUEST by defendant Looney's Tavern to present opposition to pla's request to present motion to file certified and true copy of 11th Circuit Court of Appeals Ruling bearing on some issues presently before the court filed cs (KSS) (Entered: 03/30/2004) |
| 03/26/2004 417 REQUEST by plaintiff Annie Laura Thompson to present motion to amend sum jgm opposition with controverting affidavit of new witness filed w/attachments cs (KSS) (Entered: 03/30/2004)[214] |
| 04/12/2004 419 REQUEST by plaintiff Annie Laura Thompson to present motion to amend summary judgment opposition with controverting affidavits of new witnesses filed w/attachments (DEEMED FILED 3/26/04) cs (KSS) (Entered: 04/12/2004)[215] |
| 04/12/2004 420 REQUEST by plaintiff Annie Laura Thompson to present motion for dismissal and recusation of Magistrate Robert Armstrong, Jr. filed w/exh att cs (KSS) (Entered: 04/12/2004)[216] |

---

[212]Denied by order of  12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[213]Denied by order of  12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[214]Denied by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[215]Denied by order of  12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[216]Denied by document 442.

51

| |
|---|
| 04/12/2004 421 REQUEST by plaintiff Annie Laura Thompson to present motion supplementing opposition to dfts summary judgment motion and pla's partial summary judgment motion with newly discovered evidence contrverting dft's affidavits and things filed cs (KSS) (Entered: 04/12/2004)[217] |
| 04/16/2004 422 REQUEST by plaintiff Annie Laura Thompson to present motion supplementing opposition to dfts sum jgm motion and pla's partial sum jgm motion with newly discovered witness and her affidavit filed w/afdt of Dorothy White attached cs (KSS) Modified on 04/19/2004 (Entered: 04/19/2004)[218] |
| 04/16/2004 423 REQUEST by plaintiff Annie Laura Thompson to present motion about Lanham Act Violations filed w/attachment cs (KSS) (Entered: 04/19/2004)[219] |
| 04/16/2004 424 REQUEST by plaintiff Annie Laura Thompson to present motion supplementing sum jgm motions with Author's movie information filed w/attachments cs (KSS) (Entered: 04/19/2004[220]) |
| 04/21/2004 425 REQUEST by plaintiff Annie Laura Thompson to present motion to supplement sum jgm motions with exhibits from new Umphrey's book filed w/attachments cs (KSS) (Entered: 04/21/2004)[221] |
| 04/26/2004 426 REQUEST by plaintiff Annie Laura Thompson to present motion to supplement partial summary judgment and opposition with new Hilda Logan Affidavits filed w/affidavits attached cs (KSS) Modified on 04/26/2004 (Entered: 04/26/2004)[222] |

---

[217]Denied by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[218]Denied by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[219]Denied by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[220]Denied by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[221]Denied by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[222]Denied by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

| |
|---|
| 04/29/2004 427 REQUEST by plaintiff Annie Laura Thompson to present motion for leave of Court to supplement summary judgment motions with book order from Judge Frank Johnson and sales of Tories for $300 a copy filed cs (KSS) (Entered: 04/29/2004)[223] |
| 05/07/2004 429 REQUEST by plaintiff Annie Laura Thompson present motion to lift maratorium on motions and three-page limit on requests to present motion filed cs (KSS) (Entered: 05/07/2004)[224] |
| 05/24/2004 430 REQUEST by plaintiff Annie Laura Thompson for change of venue filed cs (KSS) (Entered: 05/24/2004)[225] |
| 06/24/2004 434 REQUEST by plaintiff Annie Laura Thompson to present motion for leave of court to file motion to supplement sum jgm and opposition to sum jgm motions with arthur affidavit and things filed w/attachments cs (KSS) (Entered: 06/24/2004)[226] |
| 06/24/2004 435 REQUEST by plaintiff Annie Laura Thompson to present motion for leave of court to file motion to supplment sum jgm and opposition to sum jgm motion with Logan affidavits filed w/attachment cs (KSS) (Entered: 06/24/2004)[227] |
| 10/01/2004 460 REQUEST by plaintiff Annie Laura Thompson to file motion to amend to strike report of Donald Dodd for unfair trade practices filed cs (DRR) (Entered: 10/04/2004)[228] |
| 10/21/2004 462 REQUEST by plaintiff Annie Laura Thompson to present second motion for recusation of Judge Virginia Emerson Hopkins filed cs (DRR) (Entered: 10/22/2004)[229] |

---

[223]Denied by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[224]This motion best shows why the moratorium on motions needed to be in place, as the plaintiff requested the lifting of the moratorium before any of her "requests" had been ruled upon.

[225]Actually a motion, despite the moratorium on same.

[226]Denied by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[227]Denied by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[228]Denied summarily by order of 10/29/2004. (Doc. 471.)

[229]This relief had already been requested. Denied by order of 10/26/2004. (Doc. 465.)

| |
|---|
| 12/02/2004 499 Request to present motion regarding newly discovered law preventing grant of dft's summary judgment motion by Annie Laura Thompson (DRR) (Entered: 12/03/2004)[230] |
| 12/15/2004 509 Request to present motion to reinstate claims against named dfts McAlister and JennyMac, leave to amend to reinstate Fraud claims, to add new claims by Annie Laura Thompson (DRR) (Entered: 12/16/2004)[231] |
| 02/28/2005 520 Request(3rd) for Recusation of Judge Virginia Emerson Hopkins by Annie Laura Thompson, with exhs att (JLC, ) (Entered: 02/28/2005)[232] |
| 06/22/2005 632 Plaintiff's Request for Oral Argument by Annie Laura Thompson (JLC, ) (Entered: 06/22/2005) |
| 09/23/2005 672 Plaintiff's Request for a Copy of Record Due to Loss Of Everything by Hurricane Katrina by Annie Laura Thompson (JLC, ) (Entered: 09/26/2005) |
| 05/29/2007 708 Plaintiff Requests a Further 60 Day An/Or Alternatively 30 Day Extension of Time for Negotiations With Defendants Regarding Settlement of the case And/Or Fees and Time to Decide and for the Court to Direct the Defendants to Provide Her With Time and Expense Records and Cancelled Checks so that She can Know the Alternative and Time to File Her Opposition to Attorneys' Fees and Costs Using the Copyright Standard of 17 U.S.C. 505 for Reasonable and Modest Rather Than Actual Attorneys' Fees and Costs by Annie Laura Thompson. (JLC, ) (Entered: 05/30/2007) |
| 07/02/2007 714 Plaintiff's Request to Lift the Ban on Filing Motions and Permit Her Access to the Courts Pursuant to the Due Process Clause and Fourteenth Amendment Equal Protection and Access to the Courts Clause of the Constitution of the United States by Annie Laura Thompson. (JLC, ) (Entered: 07/03/2007)[233] |

---

[230]Denied by order of 12/08/2004.  (Doc. 502.)

[231]This request was made more than three years after the original suit was filed.  Further, claims against these defendants had already been reinstated as had been explained several times previously.

[232]For the third time, the plaintiff seeks this relief.  Denied by order of 03/02/2005.  (Doc. 523.)

[233]This relief has been requested and denied on many occasions.  Denied by order of 07/09/2007.  (Doc. 717.)

07/02/2007 715 Plaintiff's Request and Incorporated Memorandum for Section 1292(b) Certification for Interlocutory Appeal From June 21, 2007, District Court Order's Award of Costs to Defendants of About $10,000.00 Against a Pro Se Plaintiff Despite Their Failure to Submit Costs and/or Proof of Costs Within 14 days of the August 25, 2005, Final Judgment, Despite Alleged Costs(Not Backed by Proof)Not Being Types of Taxable Costs Generally Taxed in Favor of the Prevailing Party in a Federal Litigation(28 U.S.C.A. 1920) and Despite Eleventh Circuit's 14 day Limitation for Filing a Bill of Costs Backed Up by Proof(Local Rule 39-1) and for Filing Attorney Fees with Time Sheets Within 14 days-Local RULE 39-2 by Annie Laura Thompson. (JLC, ) (Entered: 07/03/2007)[234]

08/08/2007 721 Request for 14 day Extension of Time by Annie Laura Thompson. (JLC, ) (Entered: 08/08/2007)[235]

08/08/2007 722 Request for Records by Annie Laura Thompson. (JLC, ) (Entered: 08/08/2007)[236]

08/08/2007 723 Request for a Hearing and for Relief on Alleged Attorneys' Fees and Costs by Annie Laura Thompson. (JLC, ) (Entered: 08/08/2007)[237]

09/18/2007 741 REQUEST by Annie Laura Thompson. (JLC, ) (Entered: 09/18/2007)[238]

10/01/2007 745 Request to Strike Looney's Tavern's and James Posey's Motion for Attorneys' Fees by Annie Laura Thompson (JLC, ) (Entered: 10/01/2007)[239]

10/01/2007 746 Request to Permit Plaintiff 14 days from Date of Receipt of Defendants'Not Yet Provided Actual Billing Arrangement Documents and Bills and Request for Hearing to be held in Jasper, AL by Annie Laura Thompson. (JLC, ) (Entered: 10/01/2007)[240]

---

[234]Again, this relief has been requested several times regarding many different orders.  At all times it has been denied.  Denied by order of 07/09/2007.  (Doc. 717.)

[235]Granted by order of 08/10/2007.  (Doc. 725.)

[236]Denied by order of 08/102007.  (Doc. 725.)

[237]Denied by order of 08/10/2007.  (Doc. 725.)

[238]The plaintiff insisted that the undersigned judge's docket clerk had refused to file some of her pleadings.  Denied by order of 09/21/2007.  (Doc. 742.)

[239]Denied by order of 10/04/2007.  (Doc. 751.)

[240]Denied by order of 10/04/2007.  (Doc. 751.)

| |
|---|
| 10/02/2007 748 Request for 14 day Extension of Time by Annie Laura Thompson. (JLC, ) (Entered: 10/02/2007)[241] |
| 12/03/2007 769 Request for Opportunity to Present Evidence Pursuant to FRCP 54(B)(4) in Opposition to Defendants Looney's and Posey's Request for Attorney Fees by Annie Laura Thompson. (JLC, ) (Entered: 12/03/2007)[242] |
| 12/03/2007 770 Request for Court's Clarification as to Hall's Status Regarding Whether he Submitted an Affidavit, Having Bearing on What Will or Can Be Presented at the December 13, 2007, Hearing and Status of Plaintiff's Affiants who Presented Affidavits but Cannot be Present by Annie Laura Thompson. (JLC, ) (Entered: 12/03/2007) |

| Affidavits |
|---|
| 10/11/2001 97 AFFIDAVIT of Annie Laura Thompson regarding motion for order of recusal [96-1] filed (ASL) Modified on 10/18/2001 (Entered: 10/11/2001) |
| 12/30/2002 275 AFFIDAVIT of Annie Laura Thompson filed NO CS (KWC) (Entered: 12/30/2002) |
| 01/31/2003 284 AFFIDAVIT of Annie Laura (Anne) Thompson raising genuine issues of fact filed no cs (KWC) (Entered: 01/31/2003) |
| 03/25/2003 319 AFFIDAVIT of Anne L. Thompson regarding motion for partial summary judgment [318-1] filed cs (KWC) (Entered: 03/25/2003) |
| 05/01/2003 365 AFFIDAVIT of Annie Laura Thompson controverting afdt of Packard Phillips filed cs (KWC) (Entered: 05/02/2003)[243] |
| 05/01/2003 366 AFFIDAVIT of Annie Laura Thompson controverting afdt of Mary Alice Thompson Yarbrough filed cs (KWC) (Entered: 05/02/2003)[244] |

---

[241]Denied by order of 10/03/2007.  (Doc. 749.)

[242]Struck by order of 12/04/2007 as in violation of this court's order against filing.  (Doc. 772.)

[243]Filed despite the court's express statement that further oppositions to the MSJ would have to be filed only with Court permission.  (Doc. 357.)

[244]Filed despite the court's express statement that further oppositions to the MSJ would have to be filed only with Court permission.  (Doc. 357.)

| |
|---|
| 02/28/2005 521 AFFIDAVIT of Annie Laura Thompson requesting the Recusation of Judge Hopkins 520, and request for recusal before other Motions are ruled on.(JLC, ) (Entered: 02/28/2005) |
| 08/09/2005 657 AFFIDAVIT of Annie Laura Thompson by Annie Laura Thompson. (JLC, ) (Entered: 08/09/2005)[245] |
| 08/11/2005 661 AFFIDAVIT of Annie Laura Thompson by Annie Laura Thompson. (JLC, ) (Entered: 08/11/2005)[246] |
| 10/12/2007 752 AFFIDAVIT by Annie Laura Thompson. (JLC, ) Modified on 10/26/2007 (JLC, ). (Entered: 10/12/2007)[247] |
| 11/13/2007 767 **STRICKEN** AFFIDAVIT by Annie Laura Thompson. (JLC, ) (Entered: 11/13/2007)[248] |
| 12/06/2007 776 **STRICKEN** AFFIDAVIT by Annie Laura Thompson. (JLC, ) Modified on 12/6/2007 (JLC, ). (Entered: 12/06/2007)[249] |
| 01/22/2008 784 AFFIDAVIT by Annie Laura Thompson. (JLC, ) (Entered: 01/22/2008) |

| **Oppositions, Briefs, etc.** |
|---|
| 06/21/2001 24 OPPOSITION by plaintiff Annie Laura Thompson to McAlister's motion for more definite statement [16-1] filed cs (ASL) (Entered: 06/21/2001) |
| 06/26/2001 26 RESPONSE by plaintiff Annie Laura Thompson to McAlister's motion for more definite statement [16-1] filed cs (ASL) (Entered: 06/27/2001) |
| 06/26/2001 27 RESPONSE by plaintiff Annie Laura Thompson to JennyMac Productions' motion for more definite statement [17-1] filed cs (ASL) (Entered: 06/27/2001) |

---

[245]Struck by order of 08/09/2005, as an attempt to supplement the plaintiff's summary judgment submissions after the deadline.

[246]Struck by order of 08/11/2005, as in violation of the court's scheduling order.  (Doc. 662.)

[247]Struck by order of 10/22/2007.  (Doc. 755.)

[248]Struck by order of 11/20/2007.  (Doc. 768.)

[249]Struck by order of 12/06/2007 for violating this court's previous orders regarding filings.  (Doc. 777.)

| |
|---|
| 07/25/2001 33 OPPOSITION by plaintiff Annie Laura Thompson to Looney's motion for more definite statement [29-1] filed cs (ASL) (Entered: 07/25/2001) |
| 07/25/2001 34 OPPOSITION by plaintiff Annie Laura Thompson to Free States' motion for more definite statement [30-1] filed cs (ASL) (Entered: 07/25/2001) |
| 07/25/2001 35 OPPOSITION by plaintiff Annie Laura Thompson to Goch's motion for more definite statement [31-1] filed cs (ASL) (Entered: 07/25/2001) |
| 07/25/2001 36 OPPOSITION by plaintiff Annie Laura Thompson to Cohen's motion for more definite statement [32-1] filed cs (ASL) (Entered: 07/25/2001) |
| 08/15/2001 46 RESPONSE by plaintiff Annie Laura Thompson to Looney's motion for more definite statement [29-1] filed cs (ASL) (Entered: 08/15/2001) |
| 08/15/2001 47 RESPONSE by plaintiff Annie Laura Thompson to Free State's motion for more definite statement [30-1] filed cs (ASL) (Entered: 08/15/2001) |
| 08/15/2001 48 RESPONSE by plaintiff Annie Laura Thompson to Goch's motion for more definite statement [31-1] filed cs (ASL) (Entered: 08/15/2001) |
| 08/15/2001 49 RESPONSE by plaintiff Annie Laura Thompson to Cohen's motion for more definite statement [32-1] filed cs (ASL) (Entered: 08/15/2001) |
| 09/04/2001 63 RESPONSE by plaintiff Annie Laura Thompson to dfts' motion to extend time by 30 days to file a responsive pleading [61-1] filed cs (ASL) (Entered: 09/05/2001) |
| 10/01/2001 77 OPPOSITION by plaintiff Annie Laura Thompson to motion to dismiss case against dft Jenny Mac Production [72-1] filed cs (ASL) (Entered: 10/01/2001) |
| 10/01/2001 78 OPPOSITION by plaintiff Annie Laura Thompson to motion to dismiss case against dft Lanny McAlister [71-1] filed cs (ASL) (Entered: 10/01/2001) |
| 10/04/2001 84 NOTICE of appearance for counter-defendant Annie Laura Thompson by James C Gray III filed cs (ASL) (Entered: 10/05/2001) |
| 10/04/2001 85 ANSWER by counter-defendant Annie Laura Thompson to counterclaim filed cs (ASL) (Entered: 10/05/2001) |
| 10/09/2001 87 OPPOSITION by plaintiff Annie Laura Thompson to motion to dismiss all pla's claims against dfts except for pla's claim for alleged breach of contract against Looney's for failure to pay royalties [79-1] filed cs (ASL) (Entered: 10/09/2001)[250] |

---

[250]Filed a week after the court has ruled on the motion.

| |
|---|
| 10/09/2001 91 OPPOSITION by plaintiff Annie Laura Thompson to Looney's motion to dismiss claims for non-payment of royalties (motion to dismiss all pla's claims against dfts except for pla's for alleged breach of contract against Looney's for failure to pay royalties [79-1] filed 10/1/01) filed cs (ASL) (Entered: 10/09/2001) |
| 12/05/2001 116 Report of Parties (form 35) (Status) of compliance with FRCP 26 filed by pla Annie Thompson cs (SRJ) (Entered: 12/05/2001) |
| 02/05/2002 133 NOTICE of APPEARANCE for plaintiff Annie Laura Thompson by Romaine S Scott III, Richard R Rosenthal filed cs (SRJ) (Entered: 02/07/2002) |
| 08/28/2002 196 OPPOSITION by plaintiff Annie Laura Thompson to motion to dismiss [180-1], for more definite sttement and for special master filed cs (MAA) (Entered: 08/28/2002) |
| 08/28/2002 197 OPPOSITION by plaintiff to motion to dismiss Jim Posey [187-1] filed cs (MAA) (Entered: 08/28/2002) |
| 09/23/2002 214 Report of Parties Planning Meeting filed by plaintiff, Annie Laura Thompson (MAA). Image of document added 6/2/2005 (JLM). (Entered: 09/23/2002) |
| 11/12/2002 237 NOTICE of compliance by plaintiff Annie Laura Thompson with [206-1] filed cs (KWC) (Entered: 11/12/2002)[251] |
| 11/12/2002 238 OPPOSITION by plaintiff Annie Laura Thompson to motion for protective order [234-1] filed cs (KWC) (Entered: 11/12/2002)[252] |
| 12/30/2002 273 First REQUEST by plaintiff Annie Laura Thompson for production of documents and things to dft Gary Goch filed cs (KWC) (Entered: 12/30/2002) |
| 12/30/2002 274 First REQUEST by plaintiff Annie Laura Thompson for production of documents and things to dft Free State of Winston Heritage Association, Inc. a/k/a Free State Productions, Its CEO's and officers filed cs (KWC) (Entered: 12/30/2002) |
| 01/31/2003 283 Memorandum (BRIEF) by plaintiff Annie Laura Thompson in opposition to dft Looney's motion for partial sumjgm filed cs (KWC) (Entered: 01/31/2003) |
| 03/04/2003 292 NOTICE that plaintiff Annie Laura Thompson will take the depositions of Looney's Tavern Prod and James Posey on 03/06/03 in Marion County Courthouse filed cs (KWC) (Entered: 03/04/2003) |

---

[251]Regarding the obligation to have a Rule 26 discovery planning meeting.

[252]The defendants wished to avoid publicly filing the Freedom Run screenplay, and certain financial information, or to at least require the plaintiff to agree to keep it confidential.

| |
|---|
| 03/04/2003 293 Memorandum to court (NOTICE) filed by plaintiff Annie Laura Thompson cs (KWC) (Entered: 03/04/2003) |
| 03/05/2003 296 NOTICE of list of dfts filed by plaintiff Annie Laura Thompson (MAA) (Entered: 03/05/2003) |
| 03/13/2003 304 OPPOSITION by plaintiff Annie Laura Thompson to objections of Northwest Shoals Comm College filed cs (KWC) (Entered: 03/13/2003) |
| 03/20/2003 313 Answer (RESPONSE) by plaintiff Annie Laura Thompson to dfts' supplemental opposition [310-1] filed cs (KWC) (Entered: 03/20/2003) |
| 04/29/2003 361 OPPOSITION by plaintiff Annie Laura Thompson to motion to strike pla's afdt filed cs (KWC) (Entered: 04/29/2003) |
| 04/29/2003 362 OPPOSITION by plaintiff Annie Laura Thompson to motion to strike afdt of Jacqueline Carr filed cs (KWC) (Entered: 04/29/2003) |
| 06/17/2003 368 SUBMISSION of discovery by plaintiff Annie Laura Thompson filed (BST) (Entered: 06/17/2003) |
| 06/23/2003 372 BRIEF by plaintiff Annie Laura Thompson to dfts' opposition to her partial motion for sumjgm filed cs (BST) (Entered: 06/23/2003) |
| 06/24/2003 374 REPLY BRIEF by plaintiff Annie Laura Thompson to dfts' opposition to her supplemental partial motion for sumjgm filed cs (BST) (Entered: 07/02/2003) |
| 08/01/2003 382 RESPONSE by plaintiff Annie Laura Thompson to order [380-1] filed cs (BST) (Entered: 08/01/2003) |
| 08/05/2003 383 SUPPLEMENTAL RESPONSE by plaintiff Annie Laura Thompson to order [380-1] filed cs (BST) (Entered: 08/05/2003) |
| 09/30/2003 388 OBJECTIONS by plaintiff Annie Laura Thompson to magistrate's 9/10/03 order [387-1] filed cs (BST) (Entered: 09/30/2003)[253] |
| 09/30/2003 389 BRIEF by plaintiff Annie Laura Thompson in support of objections to 9/10/03 order filed cs (BST) (Entered: 09/30/2003) |
| 11/03/2003 393 OBJECTIONS by plaintiff Annie Laura Thompson to [392-1] and motion (see above entry) filed cs (KSS) (Entered: 11/03/2003)[254] |

---

[253]Objections of this type are not allowed.

[254]States basically the same objections and requests the same relief as document 388.

| |
|---|
| 11/03/2003 394 OBJECTIONS by plaintiff Annie Laura Thompson to [387-1], appeal from and motion (see above entry) filed cs (KSS) (Entered: 11/03/2003)[255] |
| 12/02/2003 398 NOTICE of pending appeal affecting instant case and request (see below entry) filed by plaintiff Annie Laura Thompson cs (KSS) (Entered: 12/03/2003)[256] |
| 12/02/2003 399 RESPONSE by plaintiff Annie Laura Thompson motion to strike her 4/28/03, opposition to summary judgment [396-1] filed cs (KSS) (Entered: 12/03/2003) |
| 01/23/2004 402 NOTICE filed by plaintiff Annie Laura Thompson of lack of written order or consent for referral to magistrate of dispositive matters and request (see below entry) w/exh att cs (KSS) (Entered: 01/23/2004)[257] |
| 04/29/2004 428 TWO NOTICES to the court (Certificate of Good Faith) filed by plaintiff Annie Laura Thompson no cs (KSS) (Entered: 04/29/2004) |
| 06/01/2004 431 NOTICE of filing of certified copyright registration certificates and things filed by plaintiff Annie Laura Thompson w/attachment cs (KSS) (Entered: 06/01/2004)[258] |
| 06/01/2004 432 NOTICE of filing books (Free State of Winston, Tories of the Hills and So Turns the Tide filed by plaintiff Annie Laura Thompson no cs (bounded separately; placed in expandable folder) (KSS) (Entered: 06/02/2004)[259] |
| 06/21/2004 433 NOTICE of filing of certified interlocutory opinion by the 11th Circuit Court of Appeals filed by plaintiff Annie Laura Thompson w/attachments cs (KSS) Modified on 06/25/2004 (Entered: 06/21/2004)[260] |

---

[255]States basically the same objections and requests the same relief as document 388.

[256]Referenced the appeal of the earlier filed action.

[257]No consent is necessary for the type of referral which took place.  Further, the magistrate did not rule on substantive matters.  This notice also requests the same relief as is requested in document 388 and elsewhere.  Deemed moot by order of 01/30/2004.  (Doc. 404.)

[258]An attempt by the plaintiff to subvert the summary judgment deadline.  Struck by order of  12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[259]An attempt by the plaintiff to subvert the summary judgment deadline.  Struck by order of  12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[260]Here the plaintiff has filed a copy of an appeal from her earlier action.

| |
|---|
| 09/27/2004 459 NOTICE of filing discovery pursuant to LR 5.1(e) filed by plaintiff Annie Laura Thompson with exhibits attached cs (DRR) (Entered: 09/28/2004)[261] |
| 10/21/2004 463 NOTICE of reinstatement of named dfts Looney's Tavern Productions, Inc., Free State of Winston Heritage Assoc, Inc., James Posey, Gary Goch, Joseph Cohen, Chester McKinney, and Magnolia Enterprises filed by plaintiff Annie Laura Thompson cs (DRR) (Entered: 10/22/2004)[262] |
| 10/22/2004 464 NOTICE of reinstatement of named dfts McAlister and JennyMan Productions pursuant to order of the Eleventh Circuit Court of Appeals filed by plaintiff Annie Laura Thompson cs (DRR) (Entered: 10/22/2004)[263] |
| 11/01/2004 492 NOTICE of reason for not joining co-owner of copyright as party pla filed by plaintiff cs (DRR) (Entered: 11/02/2004)[264] |
| 11/01/2004 493 NOTICE of explanation of failure to attach to complaint copy of dfts' alleged infringing scripts and screenplays filed by plaintiff cs (DRR) (Entered: 11/02/2004)[265] |
| 11/15/2004 495 Memorandum in Support of re 494 Pla's Objections, MOTION for Review and Appeal by Annie Laura Thompson. (DRR) (Entered: 11/16/2004) |
| 11/22/2004 496 NOTICE of filing discovery documents by Annie Laura Thompson (DRR) (Entered: 11/24/2004) |
| 11/29/2004 498 Memorandum in support of re497 MOTION for Leave to Request expedited continuance and an expedited status conference. (DRR) (Entered: 11/30/2004) |
| 12/02/2004 499 Request to present motion regarding newly discovered law preventing grant of dft's summary judgment motion by Annie Laura Thompson (DRR) (Entered: 12/03/2004) |

---

[261]An attempt by the plaintiff to subvert the summary judgment deadline. Struck by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[262]Unnecessary document giving "notice" of defendants in the case. An attempt by the plaintiff to subvert the summary judgment deadline. Struck by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[263]An attempt by the plaintiff to subvert the summary judgment deadline. Struck by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[264]An attempt by the plaintiff to subvert the summary judgment deadline. Struck by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[265]An attempt by the plaintiff to subvert the summary judgment deadline. Struck by order of 12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

| |
|---|
| 12/06/2004 500 NOTICE of filing discovery pursuant to LR 5.1(e) by Annie Laura Thompson (DRR) (Entered: 12/07/2004) |
| 12/09/2004 504 NOTICE of filing Depositions into record pursuant to LR 5.1(e) and brief to set aside settlement agreement for fraud upon the court by Annie Laura Thompson (DRR) (Entered: 12/13/2004)[266] |
| 12/10/2004 505 NOTICE of filing discovery pursuant to LR 5.1(e) by Annie Laura Thompson-Hager Deposition, McCallister & Schillaci Exhibits. (DRR) (Entered: 12/13/2004)[267] |
| 12/13/2004 506 NOTICE of filing into record analyses of books with dirivative works and sequels by Annie Laura Thompson. Exhibits too large for scanning, please see original file. (DRR) (Entered: 12/14/2004)[268] |
| 12/13/2004 507 NOTICE of filing discovery pursuant to LR 5.1(e) - Hager Deposition, McCalister and Schillaci Exhibits by Annie Laura Thompson. Exhibits too large for scanning, please see original file. (DRR) (Entered: 12/14/2004)[269] |
| 12/15/2004 508 NOTICE of filing supplement to third complaint reinstating claims against named dfts McAlister and JennyMac by Annie Laura Thompson (DRR) (Entered: 12/16/2004) |
| 02/04/2005 515 NOTICE of filing discovery to McCalister by Annie Laura Thompson (DRR) (Entered: 02/04/2005) |
| 03/02/2005 525 NOTICE of Depo of Don Dodd, expert witness, on 3/1/05 by Annie Laura Thompson (JLC, ) (Entered: 03/02/2005) |
| 03/02/2005 526 NOTICE of Depo of MCAlister and Jennymac on 3/03/05 by Annie Laura Thompson (JLC, ) (Entered: 03/02/2005) |
| 03/02/2005 527 NOTICE (2nd) of Depo of McAlister, Jennymac, and Dodd; Dodd's rescheduled for 3/4/05 by Annie Laura Thompson (JLC, ) (Entered: 03/02/2005) |

---

[266]An attempt by the plaintiff to subvert the summary judgment deadline.  Struck by order of  12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[267]An attempt by the plaintiff to subvert the summary judgment deadline.  Struck by order of  12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[268]An attempt by the plaintiff to subvert the summary judgment deadline.  Struck by order of  12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

[269]An attempt by the plaintiff to subvert the summary judgment deadline.  Struck by order of  12/22/2004 as having been filed after the summary judgment deadline. (Doc. 510.)

03/04/2005 530 NOTICE of deposition cancellation, with exhs att, by Annie Laura Thompson (JLM, ) (Entered: 03/04/2005)

03/04/2005 531 NOTICE of Filing Discovery into Record Concerning Defendants McAlister and JennyMac by Annie Laura Thompson, with discovery exhibits attached (JLM, ) (legible copy of first page added) (Entered: 03/07/2005)

03/04/2005 532 DEPOSITION of Annie Laura Thompson (Notice of Filing of Deposition into Record) taken on 2/13/03 by Annie Laura Thompson. (Attachments: # 1 Last part of Deposition)(JLC, ) (Entered: 03/07/2005)

03/11/2005 539 NOTICE of Filing Into Record the Interrogatories, Request for Production, and Request for Admissions to McAlister, filed by Annie Laura Thompson (JLM, ) (Entered: 03/11/2005)

03/11/2005 540 REQUESTS (First Set) from Plaintiff to Defendant McAlister for Production of Documents and Things, filed by Annie Laura Thompson.(JLM, ) (Entered: 03/11/2005)

03/11/2005 541 REQUESTS (First Set) from Plaintiff to Defendant McAlister for Admissions, filed by Annie Laura Thompson.(JLM, ) (Entered: 03/11/2005)

03/11/2005 542 INTERROGATORIES (First Set) from Plaintiff to Defendant Lanny McAlister, filed by Annie Laura Thompson.(JLM, ) (Entered: 03/11/2005)

03/28/2005 561 NOTICE of Filing of 3/3/05 Depositions of MacAlister, Miles, McCluskey, and Denton into the Record Pursuant to LR.5.1(e), filed by Annie Laura Thompson (Attachments: # 1 Deposition of Lanny McAlister, pages 1-67 # 2 Deposition of Lanny McAlister, pages 68-Exh. 17 # 3 Deposition of Lanny McAlister, Exh. 18-Index # 4 Deposition of Lloyd Miles # 5 Deposition of Elsie McCluskey # 6 Deposition of Jim Denton # 7 Deposition of Barbara Denton)(JLM) (Entered: 03/28/2005)

03/30/2005 562 RESPONSE to 550 MOTION to Compel filed by Annie Laura Thompson. (JLC, ) (Entered: 03/30/2005)

03/31/2005 565 NOTICE of lack of receipt of defendants McAlister and Jennymac's summary judgment motion by due date by Annie Laura Thompson (JLC, ) (Entered: 03/31/2005)

04/04/2005 566 Objection to McAlister's failure to provide requested documents and things and answer fully Interrogatories and admission requests and motion to compel. filed by Annie Laura Thompson. (JLC, ) (Entered: 04/04/2005)

04/07/2005 571 VIDEO TAPES (2) Submitted {Exh. 28, proof of 1990 Incident and 1998 play performed at Looney's Tavern: Aftermath} in support of motion to set aside submission filed by Annie Laura Thompson 556. (Tapes in separate expandable folder.)(JLM, ) (Entered: 04/07/2005)

| |
|---|
| 04/07/2005 573 Brief in support of motion to set aside submission of 2003 summary judgment motion and to stay McAlister's summary judgment submissions 556 with exhibits attached, filed by Annie Laura Thompson. (Exhibits too large to scan. Placed in separate expandable folder.) (JLM, ) (Entered: 04/07/2005) |
| 04/13/2005 583 NOTICE by Annie Laura Thompson that she has provided everything obtained by subpoenas. (JLC, ) (Entered: 04/13/2005) |
| 04/13/2005 584 Memorandum opposing award of cost to Dodd 555 with exhibits attached, filed by Annie Laura Thompson (JLC, ) (Entered: 04/13/2005)[270] |
| 04/14/2005 585 Memorandum of Annie Laura Thompson in Support of Plaintiff's Request for Hearing on Spoliation of Evidence and Fraud 569 and Reply to Defendants' Opposition to a Hearing 578, with exhibits attached (JLM, ) (Entered: 04/14/2005) |
| 04/18/2005 590 NOTICE (Second) of documents by Annie Laura Thompson, with exhibits attached (JLC, ) (Entered: 04/18/2005) |
| 04/18/2005 591 NOTICE of documents by Annie Laura Thompson with exhibits 5-35 attached.(Exhibits too large to scan. Placed in expandable) (JLC, ) (Entered: 04/18/2005) |
| 05/04/2005 598 Brief (Memorandum) in support of 597 MOTION For Section 1292(b) certification for Interlocutory appeal, with affidavits of plaintiff and other exhibits attached. (JLC, ) (Entered: 05/04/2005) |
| 05/09/2005 599 NOTICE by Annie Laura Thompson re MAIL SERVICE regarding pleading entitled "Plaintiff's Motion for Section 1292(b) Certification" 597, with exhibit attached. (JLM) (Entered: 05/09/2005) |
| 06/17/2005 630 Plaintiff's Opposition to Defendant McAlister's and Jennymac's Motion for Summary Judgment re 594 filed by Annie Laura Thompson. (JLC, ) Exhibits to large to scan, consisting of books,pictures, video tapes,etc., placed in box. Additional attachment(s) added on 7/26/2005 (JLC, ). The original filing has been, to a great extent, placed in order by this Court.Exhibits 1 and 4 which are books could not be scanned as exhibits 50,54 and 55 which are video tapes are all labeled and placed in a box. Additional attachment(s) added on 7/27/2005 (JLC, ). (Entered: 06/20/2005) |
| 06/17/2005 631 Thompson's Evidentiary Submissions in Opposition to McAlister's and Jennymac's Motion for Summary Judgment re 594 (Attachments: # 1 Argument# 2 Uncontested Issues of Fact)(JLC, ) (Entered: 06/20/2005) |
| 06/23/2005 634 PLAINTIFF'S notice of clarification of brief in opposition to summary judgment of Lanny McAlister and Jennymac production by Annie Laura Thompson (JLC, ) (Entered: 06/23/2005) |

[270]These arguments are duplicates of arguments already in the record.

| |
|---|
| 06/28/2005 635 Plaintiff's Objection to Case Management Order giving defendants another unfair, unprecedented advantage filed by Annie Laura Thompson. (JLC, ) (Entered: 06/28/2005) |
| 06/29/2005 639 PLAINTIFF'S NOTICE to withdraw misrepresentations and of intent to bring rule 11 sanctions against defendants McAlister, Jennymac, Looney's Tavern Productions, Inc., Free State of Winston Heritage Assoc., James Posey,Gary Goch and Joseph Cohen by Annie Laura Thompson (JLC, ) (Entered: 06/29/2005) |
| 07/18/2005 642 Plaintiff's Opposition to Defendants' Motion to Strike filed by Annie Laura Thompson. (JLC, ) (Entered: 07/18/2005) |
| 07/20/2005 645 NOTICE of Receipt of Extension of Time for Filing Response to Defendants McAlister's and Jennymac's Motion to Strike Opposition to Summary Judgment by Annie Laura Thompson (JLC, ) (Entered: 07/21/2005) |
| 07/22/2005 647 Plaintiff's Supplemental Opposition to Defendants' Motion to Strike Opposition to their Summary Judgment Motion filed by Annie Laura Thompson. (JLC, ) (Entered: 07/25/2005) |
| 08/09/2005 656 NOTICE by Annie Laura Thompson (Attachments: # 1 Letter)(JLC, ) (Entered: 08/09/2005)[271] |
| 08/10/2005 659 Plaintiff's Correction of Clerical Mistakes in the Docketing of Her Summary Judgment Opposition by Annie Laura Thompson. (JLC, ) (Entered: 08/10/2005)[272] |
| 09/30/2005 676 TRANSCRIPT REQUEST by Annie Laura Thompson for proceedings held on 8/11/2005 before Judge Virginia Emerson Hopkins, re 673 Notice of Appeal (JLC, ) (Entered: 10/03/2005) |
| 10/04/2005 678 NOTICE by Annie Laura Thompson (JLC, ) (Entered: 10/04/2005) |
| 10/06/2005 679 TRANSCRIPT REQUEST by Annie Laura Thompson for proceedings held on 9/6/2002 & 4/19/2005 before Judge Virginia Emerson Hopkins, re 673 Notice of Appeal (JLC, ) (Entered: 10/06/2005) |
| 10/13/2005 680 NOTICE by Annie Laura Thompson (JLC, ) (Entered: 10/13/2005) |

[271]Struck by order of 08/09/2005, as an attempt to supplement the plaintiff's summary judgment submissions after the deadline.

[272]Struck by order of 08/11/2005, as documents in support of her motion for summary judgment filed after the deadline.

| |
|---|
| 10/21/2005 682 THIRD TRANSCRIPT REQUEST by Annie Laura Thompson for proceedings held on 9/6/2002, 8/11/2005 and 8/19/2005 before Judge Karen O. Bowdre and Judge Virginia Emerson Hopkins, re 673 Notice of Appeal (JLC, ) (Entered: 10/24/2005) |
| 12/29/2005 687 NOTICE by Annie Laura Thompson (JLC, ) (Entered: 12/29/2005) |
| 04/03/2006 692 Designation of Record by Annie Laura Thompson (JLC, ) (Entered: 04/04/2006) |
| 04/23/2007 704 Plaintiff's Opposition to Court's Consideration of Defendant's McAlister's and Jennymac's Untimely Filing for Costs and Attorney's Fees Without Waiving the Right to Oppose Attorney's Fees and Respond to the Court's April 3, 2007, Order by the Date of April, 30, 2007 filed by Annie Laura Thompson. (JLC, ) (Entered: 04/23/2007) |
| 04/23/2007 705 NOTICE of Intent to File a Petition for a Writ of Certiorari Before the United States Supreme Court and Her Request to Stay Consideration and/or Award of Attorneys' Fees and Court Cost Pending a Ruling in Same by Annie Laura Thompson (JLC, ) (Entered: 04/23/2007) |
| 06/28/2007 712 Plaintiff's Opposition to Defendants' Request for Attorneys' Fees and Exorbitant Unjustified Costs filed by Annie Laura Thompson. (JLC, ) (Entered: 06/28/2007) |
| 08/28/2007 729 Memorandum in Opposition to Defendants Looney's Tavern Productions, Inc. and James Posey's Motion for Award of Costs and Attorney's Fees by Annie Laura Thompson. (JLC, ) (Entered: 08/28/2007) |
| 08/29/2007 730 NOTICE of Change of Address by Annie Laura Thompson. (JLC, ) (Entered: 08/29/2007) |
| 08/29/2007 731 Exhibits to 729 Memorandum in Opposition to Defendants Looney's Tavern Productions, Inc. and James Posey's Motion for Award of Costs and Attorneys Fees by Annie Laura Thompson. (JLC, ) (Entered: 08/29/2007) |
| 09/26/2007 743 NOTICE by Annie Laura Thompson with a $1.00 bill and a self addressed stamped envelope attached. (JLC, ) (Entered: 09/26/2007) |
| 11/13/2007 765 NOTICE by Annie Laura Thompson (Attachments: # 1 Exhibit A)(JLC, ) (Entered: 11/13/2007) |
| 12/03/2007 771 Memorandum in Support of Motion for Section 1292(b) Certification. (JLC, ) (Entered: 12/03/2007)[273] |

---

[273]Denied by order of 12/04/2007.  (Doc. 772.)

| |
|---|
| 12/05/2007 773 **STRICKEN** NOTICE TO THE COURT OF THE LAW ON CERTIFICATION by Annie Laura Thompson. (Attachments: # 1 Exhibits)(JLC, ) Modified on 12/6/2007 (JLC, ). (Entered: 12/05/2007)[274] |
| 01/07/2008 780 NOTICE of Change of Address by Annie Laura Thompson. (JLC, ) (Entered: 01/08/2008) |
| 01/28/2008 785 NOTICE of Plaintiff's Severe Anemia by Annie Laura Thompson. (JLC, ) (Entered: 01/28/2008) |
| 01/28/2008 786 NOTICE of Discrepancies Between Language and Facts by Annie Laura Thompson. (JLC, ) (Entered: 01/28/2008) |

| APPEALS |
|---|
| 10/26/2001 103 NOTICE of appeal by plaintiff Annie Laura Thompson from District Court decision [83-1] ; notice of appeal, order appealed from and court copy of docket entries w/transmittal letter mailed cm (MAA) (Entered: 10/29/2001)[275] |
| 10/26/2001 104 NOTICE of appeal by plaintiff Annie Laura Thompson from District Court decision [73-1] ; notice of appeal, order appealed from and court copy of docket entries w/transmittal letter mailed cm (MAA) (Entered: 10/29/2001)[276] |

---

[274]Struck by order of 12/05/2007 as in violation of this court's orders regardig filing documents.  (Doc. 774.)

[275]Appeals 10/02/2001 83 ORDER granting motion to dismiss all pla's claims against dfts Looney's, Free State, Goch & Cohen EXCEPT for pla's claim for alleged breach of contract against Looney's for failure to pay royalties [79-1] filed ( by Judge Inge P. Johnson ) cm (ASL) (Entered: 10/02/2001).  Case remanded by circuit court of appeals on this issue after the district judge granted a rule 60 motion.  The court determined that, despite the district court's lack of jurisdiction to issue such an order, that the district judge would likely reconsider the dismissal and remanded the case for further proceedings.

[276]Appeals 09/27/2001 73 ORDER granting motion to dismiss case against dft Jenny Mac Production [72-1], granting motion to dismiss case against dft Lanny McAlister [71-1] dfts McAlister & JennyMac are dismissed with prejudice, each party to bear its own costs filed ( by Judge Inge P. Johnson ) cm (ASL) (Entered: 09/27/2001).  The appeal was dismissed for lack of jurisdiction on 01/30/2002 (Doc. 131.)

68

| |
|---|
| 01/11/2002 124 NOTICE of APPEAL (Interlocutory) by plaintiff Annie Laura Thompson from District Court decision [120-1] ; notice of appeal, order appealed from and court copy of docket entries w/transmittal letter mailed cm (SRJ) Modified on 05/08/2002 (Entered: 01/11/2002)[277] |
| 04/09/2004 418 CERTIFIED copy of Appellate Court order: dated 4/7/04 denying the petition for writ of mandamus (before Anderson and Wilson, Circuit Judges) filed (KSS) (Entered: 04/12/2004) |
| 09/26/2005 673 NOTICE OF APPEAL as to 666 Memorandum Opinion, 667 Order on Motion for Summary Judgment, by Annie Laura Thompson. Filing fee $ 255, receipt number 200219234. (JLC, ) (Entered: 09/27/2005)[278] |

| |
|---|
| **ORDERS ADMONISHING PLAINTIFF** |
| 12/13/2001 121 ORDER that pla be enjoined from calling judge's staff more than one (1) time per week as set out in this Order filed ( by Judge Karon O. Bowdre ) cm (SRJ) (Entered: 12/13/2001) |
| 04/29/2002 169 ORDER granting motion for leave to file supplemental memo opposing dfts' motion to dismiss [156-1] and accepts that memo as the pla's response to dft's motion to dismiss; denying motion to dismiss by dfts [79-1]; see order for further rulings as set out; all future correspondence with court by pla shall be in writing and served on all counsel; staying case for 60 days - pla has 60 days to file amended complaint or case will be dismissed; no extensions granted; dfts will have standard time to reply to amended complaint; filed (by Judge Karon O. Bowdre) cm (KWC) (Entered: 04/29/2002)[279] |

---

[277]Appeals 12/13/2001 120 ORDER that pla's motions [re: docs #112 #113 & #114] will be treated by the court as motions to alter, amend, or vacate Court's 9/27/01 Order; granting pla's motion to amend court's order of 9/27/01 and denying pla's motion to alter or vacate; dfts McAlister & JennyMac Productions will REMAIN DISMISSED WITH PREJUDICE and is hereby FINAL filed ( by Judge Karon O. Bowdre ) cm (SRJ) (Entered: 12/13/2001). VACATED and REMANDED by court of appeals on 10/22/2002 due to the district court not providing any reasoning for its decision.

[278]Affirmed.  Mandate issued on 03/28/2007.  (Doc. 702.)

[279]This order also mentioned the pace at which the plaintiff was filing motions.

| |
|---|
| 05/01/2002 172 ORDER denying motion to dismiss [170-1], denying motion "for recusation" [170-2]; see instructions as set out filed (by Judge Karon O. Bowdre) cm (KWC) (Entered: 05/01/2002)[280] |
| 01/02/2003 279 ORDER finding the motion to continue sumjgm until some discovery has been done and essential affidavits obtained [276-1] moot; withdrawing submission order [264-1] ; pla is ordered to file Responsive brief ddl 1/31/03 430pm to only portion of dfts' motion for partial sumjgm asserting a license for "Incident", and brief is not to exceed 10 pages; dfts' Reply brief ddl 2/14/03 cannot exceed 5 pages AS SET OUT filed (by Judge Karon O. Bowdre) cm (KWC) Modified on 01/02/2003 (Entered: 01/02/2003)[281] |
| 03/04/2003 294 ORDER that the court hereby lifts moratorium on motions and Case is referred to Magistrate-Judge Robert R. Armstrong Jr to handle discovery disputes and case management issues ; finding the motion to lift moratorium on motions [290-1] moot filed (by Judge Karon O. Bowdre) cm (KWC) (Entered: 03/04/2003)[282] |
| 03/06/2003 301 ORDER that from now on, all pla's filings must be typewritten and double spaced; further, it is ordered that there will be no ex-parte communications with the court. If necessary to speak with court over the telephone, representatives of all parties must be on the line; filed (by Magistrate-Judge Robert R. Armstrong Jr) cm (KWC) (Entered: 03/06/2003)[283] |
| 04/29/2003 357 ORDER granting motion for attorney Dane S Ciolino to appear pro hac vice [345-1]; denying motion for a continuance of June 10, 2003 trial date [346-1]; no trial date is set; all ddls are hereby held in abeyance for 45 days; no more extensions will be granted; filed ( by Judge Karon O. Bowdre ) cm (KWC) (Entered: 04/29/2003) |

[280]The court denied recusation but was upset by the allegations that her law clerk would be biased. The court noted that her clerk was cordial and had, at all times attempted to provide a fair resolution of the plaintiff's issues, but ended up holding that *no* law clerk would work on the case from that point forward.

[281]Notes the large volume of motions that the plaintiff has been filing and places a moratorium on the filing of motions.

[282]Noting again the large volume of motions filed by the plaintiff despite the moratorium on motions. Admonishing both sides for inappropriate behavior.

[283]Plaintiff's pleadings were typewritten and double-spaced for a period of time, but then she resumed filing handwritten pleadings.

07/17/2003 380 ORDER granting pla's motion for order to permit filings by plaintiff [370-1]; pla to submit a summary of her pending motions to the court by 7/30/03, dft will have 10 days to reply; all further proceedings are stayed until the pending motions are resolved filed ( by Judge L S. Coogler ) cm (BST) (Entered: 07/17/2003)[284]

08/06/2003 384 ORDER striking supplemental response [383-1] filed ( by Judge L S. Coogler ) cm (BST) (Entered: 08/06/2003)[285]

01/30/2004 404 ORDER motion to vacate order [402-1] moot, motion to transfer case back to prior court [402-2] moot, denying motion [401-1], finding the motion to strike pla's objections to, appeal from, and motion for review of mag judge Armstrong's unauthorized dispositive rulings contrary to Rule 72 of FRCP [396-1] moot, finding the motion to strike pla's objections to, appeal from, and motion for review of 10/15/03, order of magistrate judge Armstrong regarding denial of pla's motion to extend discovery [395-1] moot, the court has reached an independent conclusion that the mag judge's findings and recommendation are due to be adopted and approved as the findings ad conclusions of the court; overruling the motion for order for review of Mag Judge Armstrong's unauthorized dispositive rulings contrary to Rule 72 of FRCP [394-1], overruling the motion for order for review of 10/15/03, order of Mag Judge Armstrong regarding denial of pla's motion to extend discovery [393-1], all parties are PROHIBITED from filing any more motions, request, or any such document without the permission of the court filed ( by Judge R D. Proctor ) cm (KSS) (Entered: 01/30/2004)

01/30/2004 405 ORDER denying motion for protective order [403-1] without prejudice filed ( by Judge R D. Proctor ) cm (KSS) (Entered: 01/30/2004)[286]

09/08/2004 456 ORDER that the pla is ordered to refrain from filing any further documents referring to order #446 filed (by Judge Virginia E. Hopkins) cm (DRR) (Entered: 09/08/2004)[287]

---

[284]Granted with the statement that it will no longer be allowed if the Plaintiff continues her practice of submitting many motions to the court.  Also, prohibiting any further filings except as noted.

[285]Reminding plaintiff that the court would no longer accept the large number of motions she was filing and striking her supplemental submission as violative of previous orders.

[286]Noting the plaintiff's disregard of the moratorium on filing motions.

[287]The plaintiff had continued to file documents objecting to the referral of motions to the magistrate judge although all of such objections had been overruled.

| |
|---|
| 10/29/2004 466 ORDER granting motion to strike pla's motion for leave of court to supplement pla's 4/28/03 opposition to motion for sumjgm [373-1] denying motion to supplement 4/28/03 opposition to summary judgment [369-1] filed ( by Magistrate-Judge Robert R. Armstrong Jr ) cm (DRR) (Entered: 10/29/2004)[288] |
| 12/07/2004 501 ORDER -- Currently pending before this Court are the outstanding Motions for Summary Judgment. Until these motions are ruled upon, no other documents or submissions of any kind, by any party, will be permitted. Signed by Judge Virginia Emerson Hopkins on 12/07/04. (JTR) (Entered: 12/07/2004) |
| 06/03/2005 626 ORDER that 609 610 611 Motions filed by Annie Laura Thompson to Strike Affidavits of Packard Phillips and Mary Yarbrough are DENIED. Plaintiff is instructed not to again re-file any motions which have previously been ruled upon or are currently pending. Signed by Judge Virginia Emerson Hopkins on 6/03/2005. (JLC, ) (Entered: 06/03/2005) |
| 07/23/2007 719 ORDER that Plaintiff is to cease all personal correspondence with the Clerk unless the Clerk solicts same as stated herein. Signed by Judge Virginia Emerson Hopkins on 7/23/2007. (JLC, ) (Entered: 07/23/2007) |
| 08/31/2007 732 ORDER it is the standard procedure of this court that all case related telephone calls shall be directed to the undersigned's courtroom deputy or docket clerk, the plaintiff is aware of this procedure, but continues to call chambers, the pla is ORDERED to cease making telephone calls to the chambers of the undersigned, and to direct all such calls to Ms. Berry or Mr. Colvin. Signed by Judge Virginia Emerson Hopkins on 8/31/2007. (KSS, ) (Entered: 08/31/2007) |
| 10/04/2007 751 ORDER DENYING 746 Request, DENYING 745 Request to Strike, DENYING 747 MOTION to Compel, GRANTING 736 MOTION to Consider the Version Sent Under Seal with Exhibits in Opposition to Attorney's Fees and Costs, DENYING 750 MOTION for Order to Show Cause, DENYING 744 MOTION to File Two Motions Returned to Her Unstamped and Unfiled. Plaintiff is hereby ORDERED to cease filing documents into this Court until the Court rules on the Motion for Attorneys' Fees. Signed by Judge Virginia Emerson Hopkins on 10/4/2007. (JLC, ) (Entered: 10/04/2007) |

---

[288]Admonishing plaintiff for "redundant and baseless speculation."